# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF LOUISIANA

**RHONDA OLIVER #314600**                                              **CIVIL ACTION**

**VERSUS**                                                             **NO. 12-2159**

**JAMES ROGERS, WARDEN**                                               **SECTION "C" (5)**

## RESPONDENT'S MEMORANDUM IN SUPPORT OF MOTION TO DISMISS PETITION OR ALTERNATIVELY TO REQUIRE AMENDMENT OF THE PETITION

NOW INTO COURT, through the undersigned counsel, comes the respondent and respectfully moves this Honorable Court to enter an *Order* dismissing the petition for writ of habeas corpus filed by Rhonda Oliver, or in the alternative to require the petitioner to amend her filing, for the following reasons:

Signed August 22, 2012, state court prisoner, Rhonda Oliver, filed a petition for writ of habeas corpus under 28 U.S.C. § 2254. The current deadline for a response is November 8, 2012.

Rule 2(c)(2) of the Rules Governing Section 2254 Cases in the United States District Courts requires a petitioner to specify all the grounds for relief available to the petitioner and to state the facts supporting each ground. The Supreme Court stated in *Mayle v. Felix*, 545 U.S. 644, 655-56, 125 S.Ct. 2562, 2569-2570, 162 L.Ed.2d 582 (2005) that:

> The "original pleading" to which Rule 15 refers is the complaint in an ordinary civil case, and the petition in a habeas proceeding. Under Rule 8(a), applicable to ordinary civil proceedings, a complaint need only provide "fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). Habeas Corpus Rule 2(c) is more demanding. It provides that the petition must "specify all the grounds for relief available to the petitioner" and "state the facts supporting each ground." *See also* Advisory Committee's Note on subd. (c) of Habeas Corpus Rule 2, 28 U.S.C., p. 469 ("In the past, petitions have frequently contained mere conclusions of law, unsupported by

any facts. [But] it is the relationship of the facts to the claim asserted that is important ... .”); Advisory Committee's Note on Habeas Corpus Rule 4, 28 U.S.C., p. 471 (“ ‘[N]otice’ pleading is not sufficient, for the petition is expected to state facts that point to a real possibility of constitutional error.” (internal quotation marks omitted)).

*Felix*, 545 U.S. at 655-56, 125 S.Ct. at 2569-2570.   The Court has specifically set forth that a “[h]abeas corpus petitions must meet heightened pleading requirements.”  *McFarland v. Scott*, 512 U.S. 849, 856, 114 S.Ct. 2568, 2572, 129 L.Ed.2d 666 (1994).

The petition specifically informed Oliver as follows:

For this petition, state every ground on which you claim that you are being held in violation of the Constitution, laws or treaties of the United States.  Attach additional pages if you have more than four grounds.  State the facts supporting each ground.

The petitioner did not comply with this requirement.  Oliver failed to set forth the grounds on which she seeks relief and has only alleged procedural facts in support of each claim asserted.  Moreover, Oliver failed to attach any memorandum of law in support of her claims, but instead  annexed to the petition state court rulings and filings as exhibits.  Even according the petitioner the benefit of liberal construction, the respondent respectfully maintains that Oliver's current filing should be deemed insufficient.  A petition should not be so lacking as to require the reviewing court and the respondent to sift through state court documents and/or exhibits to attempt to ascertain the nature of the claim(s) the petitioner may seek to raise and the facts in support of the claim(s).  *See Adams v. Armontrout*, 897 F.2d 332, 334 (8th Cir.1990) (recognizing that the petition should allow a court to determine “from the face of the petition alone, whether the petition merits further habeas corpus review”).  Therefore, the respondent requests that the petition be dismissed or, in the alternative, that the petitioner be required to amend and supplement her filing in order to comply with Rule 2(C).  In the event that the petition is not dismissed, the respondent would respectfully reserve the right to submit

procedural objections, defenses, and/or an answer in the case.   Accordingly, the respondent

respectfully requests that this Honorable Court grant the *Respondent's Motion to Dismiss Petition*

*or Alternatively to Require Amendment of the Petition*.

Respectfully Submitted,

/s/ Desirée M. Valenti
DESIRÉE M. VALENTI # 29464
ASSISTANT DISTRICT ATTORNEY
200 DERBIGNY STREET
GRETNA, LOUISIANA 70053
(504) 368-1020

## CERTIFICATE OF SERVICE

I do hereby certify that a copy of the foregoing memorandum has been served upon:

Rhonda K. Oliver # 314600
LA Correctional Institute for Women
P.O. Box 25
St. Gabriel, LA 70776

by placing same in the United States mail, postage prepaid, this 26th day of OCTOBER, 2012.

/s/ Desirée M. Valenti
DESIRÉE M. VALENTI