## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

**RHONDA K. OLIVER # 314600**                    **CIVIL ACTION**

**VERSUS**                                                    **NO. 12-2159**

**JAMES ROGERS, WARDEN**                      **SECTION "I" (5)**


### *RESPONSE IN OPPOSITION TO*
### *GRANTING WRIT OF HABEAS CORPUS*


### STATEMENT OF THE CASE

Petitioner is a state court prisoner currently incarcerated at the Louisiana Correctional

Institute for Women in St. Gabriel, Louisiana.  On February 22, 2001, the petitioner was charged

by bill of information with theft of goods valued between $100 and $500 from Sears in violation

of LSA-R.S. 14:67.10.  The petitioner pleaded not guilty on March 26, 2001. On March 27,

2001, petitioner filed pre-trial motions, including a motion to suppress the evidence, confession

and identification.[1]  Trial was held on July 31, 2001 and a six-person jury found petitioner guilty

---

[1] The petitioner failed to appear for a motion hearing on April 16, 2001 and an attachment
was issued.

1

as charged. On August 6, 2001, petitioner filed a motion for new trial, which was denied by the court on August 22, 2001. Also on that date, the trial judge sentenced the petitioner to two years imprisonment at hard labor with credit for time served. Thereafter, the State advised the court that it was filing a multiple bill, alleging the petitioner to be a fourth felony offender under LSA-R.S. 15:529.1(A)(2)(c)(i).  On October 3, 2001, the court found petitioner to be a fourth felony offender.  On October 10, 2001, the trial judge vacated the original sentence and re-sentenced the petitioner as a fourth felony offender to imprisonment at hard labor for 20 years, without benefit of probation or suspension of sentence with credit for time served.  On that date, petitioner orally noted an objection to the multiple offender sentence. On the same date, petitioner filed a written motion to reconsider sentence alleging the sentence was "excessive." The motion for reconsideration of sentence was denied by the trial court.  On the same day, the petitioner filed a written motion for appeal that was granted by the trial court.  Petitioner's conviction and sentence were obtained in Case No. 01-955, Division "P" in the 24th Judicial District Court, Parish of Jefferson.

On February 13, 2002, the petitioner filed a Motion to Correct Unconstitutional Sentence in the district court that was denied by the court on February 22, 2002.  The petitioner additionally filed a supplement to that motion on March 13, 2002, which was denied by the district court as repetitive on March 26, 2002.  On April 17, 2002, the petitioner sought review at the Louisiana Fifth Circuit Court of Appeal in writ no. 02-KH-389. On April 26, 2002, the court of appeal denied the application, finding no error in the district's ruling of March 26, 2002.  On May 28, 2003, the petitioner sought review at the Louisiana Supreme Court in writ no. 02-KH-1754, which was denied on May 30, 2003 on procedural grounds.  *State ex rel. Oliver v. State*,

2

02-1754 (La. 05/30/2003) 845 So.2d 1063.

On June 14, 2002, the district court denied two additional Motions to Set Aside Unconstitutional Sentence, filed May 30, 2002 and June 8, 2002, as repetitive.  On August 20, 2002, the petitioner sought review at the court of appeal in writ no. 02-KH-860.  On August 22, 2002, the court of appeal denied the application, finding no error in the district court's ruling of June 14, 2002.

On July 24, 2002, the petitioner filed yet another Motion for Relief of Unconstitutional Sentence in the district court, that was denied on July 31, 2002.

On September 3, 2002, the petitioner filed a Motion to Show Petitioner's Sentence Violates Fifth Amendment in the district court. On September 6, 2002, the district court denied the motion.

On April 24, 2003, the petitioner filed a Motion to Show Petitioner Has Been Denied Equal Protection of the Laws in the district court, which the court denied on April 30, 2003.

On May 12, 2003, petitioner filed a Motion To Stipulate Concurrent Sentences in the district court that was denied on May 15, 2003.  On May 27, 2003, the petitioner filed an Application for Post Conviction Relief in the 24th JDC, seeking a stipulation to concurrent sentences.  On May 25, 2003, the district court denied the application as repetitive.  On June 23, 2003, the petitioner again filed a Motion to Run Sentences Concurrent, that was denied by the district court on June 26, 2003 as repetitive.

On September 30, 2003, the Louisiana Fifth Circuit Court of Appeal affirmed petitioner's conviction and sentence in an out of time appeal.  *State v. Oliver*, 03-416 (La.App. 5 Cir. 9/30/03), 857 So.2d 1227.  The petitioner then filed a writ application with the Louisiana

Supreme Court under docket number 04-2139, which was denied on procedural grounds on May 20, 2005.  *State v. Oliver*, 04-2139 (La. 05/20/05), 902 So.2d 1042.

On February 5, 2004, the petitioner filed a Motion to Show Petitioner Has Been Denied Equal Protection of the Laws in the district court, which was denied without prejudice on February 10, 2004 for failure to utilize the uniform application for post conviction relief.

On December 1, 2004, the petitioner filed a Motion to Show Sentence Violates Sixth Amendment in the district court.  The court denied the motion as repetitive on December 9, 2004.

On February 18, 2005, the district court denied petitioner's Motion by Letter filed September 23, 2004 and Motion to Vacate Illegal Sentence on November 9, 2004.

On May 17, 2005, the petitioner filed a Writ of Habeas Corpus in the district court, that was denied on May 25, 2005 for failure to use the uniform application for post conviction relief.

On June 3, 2005, the petitioner filed a Motion by Letter re-urging a writ of habeas corpus. On June 8, 2005, the district court denied the motion as repetitive.  On August 26, 2005, the district court denied another Motion for Reconsideration filed by the defendant on August 18, 2005.

On January 5, 2006, the petitioner sought review at the court of appeal in writ no. 06-KH-3, asserting that her supplemental claims were not addressed by the court on appeal.  On January 12, 2006, the court of appeal denied the application.  On February 8, 2006, the petitioner sought review at the Louisiana Supreme Court in writ no. 06-KH-1088, which was denied by the court on November 9, 2006 on procedural grounds.  *State ex rel. Oliver v. State*, 06-1088 (La. 11/9/06), 941 So.2d 36.

4

On March 15, 2006, the petitioner filed a Motion to Correct Illegal Sentence in the district court. On March 24, 2006, the court denied the motion as untimely.

On April 25, 2006, the petitioner filed another Motion to Correct Illegal Sentence, which was denied by the district court on May 4, 2006.  On July 25, 2006, the petitioner sought review of this ruling at the court of appeal in writ no. 06-KH-549.  On July 28, 2006, the court of appeal denied the application, finding no error in the district court's ruling of May 4, 2006.

On July 19, 2006, the petitioner filed a Motion to Set Sentences Concurrent, which was denied by the district court on August 1, 2006.

On July 26, 2006, the petitioner filed a Motion to Correct Illegal Sentence that was denied by the district court on August 16, 2006.  On September 19, 2006, the petitioner sought review of this ruling at the court of appeal in writ no. 06-KH-694.  On September 22, 2006, the court of appeal denied the application, finding no error in the district court's ruling of August 16, 2006. On October 19, 2006, the petitioner sought review at the Louisiana Supreme Court in writ no. 06-KH-2632.  On September 14, 2007, the supreme court denied the application on several procedural grounds. *State ex rel. Oliver v. State*, 06-2632 (La. 9/14/07), 963 So.2d 387.

On November 27, 2006, the petitioner filed yet another Motion to Correct Illegal Sentence, that was denied by the district court as repetitive on December 12, 2006.  On January 16, 2007, the petitioner sought review of this ruling at the court of appeal in writ no. 07-KH-44. On January 24, 2007, the court of appeal denied the application, finding no error in the district court's ruling of December 12, 2006.  Petitioner additionally sought review at the court of appeal in writ no. 07-KH-145 on March 5, 2007.  On March 12, 2007, the court of appeal denied the application, finding no error in the district court's rulings of August 16, 2006 and December 12,

2006.

On July 30, 2007, the petitioner filed a Motion to Prove August 22, 2201 Bill of Information is Invalid on its Face.  This motion was denied as repetitive by the district court on August 28, 2007.

On November 8, 2007, the petitioner filed another Motion to Correct Illegal Sentence, which was denied by the court on July 9, 2008.[2]  On November 26, 2007, the petitioner filed a supplement to this motion.  On December 4, 2007, the district court denied the motion.  On December 3, 2007, the petitioner sought review of this ruling at the court of appeal in writ no. 07-KH-981.  On January 14, 2008, the court of appeal denied the application, finding no error in the district court's ruling.  On February 19, 2008, the petitioner filed an untimely writ application at the Louisiana Supreme Court, writ no. 08-KH-511.  On November 14, 2008, the supreme court denied the application on several procedural grounds.  *State ex rel. Oliver v. State*, 08-511 (La. 11/14/08), 996 So.2d 1087.

On May 14, 2008, the petitioner filed a Motion to Amend Sentence, which was denied by the district court on May 29, 2008.

On June 24, 2008, the petitioner filed a writ application at the Louisiana Supreme Court, writ no. 08-KH-1729, pursuant to *State v. Cordero*, 08-1717 (La. 10/03/18), 993 So.2d 203.  On October 10, 2008, the supreme court transferred the application to the court of appeal for consideration pursuant to the procedures outlined in that court's en banc resolution of September 9, 2008.  *State ex rel. Oliver v. State*, 08-1729 (La. 10/10/08), 994 So.2d 5.  On March 18, 2009,

---

[2]Petitioner sought review of this ruling at the court of appeal in writ no. 08-KH-639, which was consolidated with writ no. 08-WR-901, which was ruled on by the court of appeal on March 18, 2009.

the Louisiana Fifth Circuit Court of Appeal issued a ruling in writ no. 08-WR-901, granting in part and denying in part the application.[3] (See, Vol. XI). The court of appeal denied the application as to its review of its rulings pursuant to *Cordero*, but granted the application as to the claims filed in relation to writ no. 08-KH-639. Specifically, the court of appeal found that it had not considered the petitioner's supplemental pro se claims filed on direct appeal. As such, the court of appeal re-instated petitioner's appellate rights for the purpose of reviewing the petitioner's originally filed pro se appellate claims.

On July 2, 2008, the petitioner filed a Motion to Correct Illegal Sentence and Request Retroactive Application of Recent Enactment of LSA-R.S. 14:67.10 (2). The petitioner sought writs of mandamus in writ nos. 08-KH-2662 and 09-KH-1973 at the Louisiana Supreme Court, seeking a ruling on this motion. The supreme court denied both applications on April 17, 2009 and August 18, 2010, respectively, finding that the claims moot as the court of appeal acted by reinstating her appellate rights. On April 22, 2009 and May 5, 2009, the petitioner filed writ applications at the court of appeal, nos. 09-KH-300 and 09-KH-336, respectively, seeking a ruling on the July 2, 2008 motion to correct illegal sentence. On May 26, 2009, the court of appeal denied both applications, ruling that the issue was pending on appeal and would be addressed on appeal.

On December 29, 2009, the court of appeal again affirmed petitioner's conviction and sentence. *State v. Oliver*, 03-416 (La.App. 5 Cir. 12/29/09), 30 So.3d 946. The Louisiana Supreme Court additionally denied relief on September 17, 2010. *State v. Oliver*, 10-271 (La.

---

[3]Petitioner filed writ application 08-KH-639 on August 1, 2008, which was consolidated into writ no. 08-WR-901 by the court. The court of appeal reviewed 24 writ applications filed by the petitioner between February 8, 1994 and May 21, 2007 pursuant to its en banc resolution of September 9, 2008.

09/17/10), 45 So.3d 1041.

On December 13, 2010, the petitioner filed a Motion for Post Conviction Bail, Motion to Correct Illegal Sentence Requesting Retroactive Application of Newly Enacted R.S. 14:67.10(2), Motion to Correct Illegal Sentence and Petition and Order for Writ of Habeas Corpus.  The district court denied all motions on December 29, 2010.

January 4, 2011, the petitioner filed a Motion to Clarify Sentence in the district court that was denied by the court on January 14, 2011.

On March 16, 2011, the petitioner filed yet another Motion to Correct Illegal Sentence in the district court, that was denied by the court on April 1, 2011.

On April 20, 2011, the petitioner filed an Uniform Application for Post Conviction Relief in the district court.  On June 28, 2011, the district court denied the application both on the merits and on procedural grounds.  On August 1, 2011, the petitioner sought review at the court of appeal in writ no. 11-KH-771, which was denied by the court of appeal on September 1, 2011. On October 11, 2011, the petitioner filed an untimely writ application at the Louisiana Supreme Court.[4] The supreme court additionally denied review on July 27, 2012.  *State ex rel. Oliver v. State*, 11-2514 (La. 7/27/12), 93 So.3d 586.

On July 20, 2011, the petitioner filed another Motion to Correct Illegal Sentence, which was again denied by the district court on July 28, 2011.  The petitioner subsequently sought review at the court of appeal in writ no. 11-841, which was denied on September 21, 2011.  The petitioner filed an untimely writ application at the Louisiana Supreme Court on October 31,

---

[4]The Respondent uses the date the petitioner signed the application as the date of filing pursuant to the mailbox rule.

2011.[5]  The supreme court denied review on June 1, 2012.  *State ex rel. Oliver v. State*, 11-2313 (La. 6/1/12), 90 So.3d 428.

On December 13, 2011, the petitioner filed a Motion to Run Sentences Concurrent, that was denied by the district court on January 10, 2012.

On April 23, 2012, the petitioner filed a Motion to Correct Illegal Sentence, that was denied by the district court on May 23, 2012 and July 30, 2012.

On August 7, 2012, the petitioner filed another Motion to Correct Illegal Sentence, that was denied by the district court on August 24, 2012.

On September 25, 2012, the petitioner filed a Motion for Rehearing to Correct Illegal Sentence, that is currently pending before the district court.

The petitioner filed this federal habeas corpus petition in the United States District Court, Eastern District of Louisiana, on August 22, 2012.[6]  The petitioner has exhausted all state court remedies.  This petition is timely filed in accordance with 28 U.S.C. 2244(d)(1).  Respondent provides this court with a copy of the state court record.  Respondent submits that this matter be disposed of without an evidentiary hearing.[7]

---

[5]Respondent uses the date the petitioner signed the application as the date of filing pursuant to the mail-box rule.

[6]The Respondent recognizes that the mail-box rule applies to pro-se prisoners; and, under this rule, the date when prison officials received a pleading from the inmate for delivery is considered the date of filing for limitation purposes.  *Coleman v. Johnson*, 184 F.3d 398, 401 (5th Cir. 1999).  In anticipation of the mail-box rule, the respondent uses the date petitioner signed her petition, August 22, 2012, as the date of filing.

[7]Under AEDPA, a habeas petitioner's entitlement to an evidentiary hearing when he has failed to develop the factual basis of a claim is restricted to the narrow exceptions of 28 U.S.C. § 2254(e)(2).

## STATEMENT OF THE RECORD

The Respondent supplies this Court with a copy of the state court record.  This record consists of eleven volumes.  Volumes I and II are copies of the appellate record.  Volume III - IX are copies of the Clerk's record that contains all pleadings, responses, and rulings filed in the district court.  Volumes X and XI are copies of all applications filed at the Louisiana Supreme Court.

## STATEMENT OF THE FACTS

The following facts are taken from the published court of appeal opinion:

Rubystein Goins is a sales associate at Sears Oakwood in Jefferson Parish. On February 8, 2001, at approximately 5:30 p.m., Ms. Goins was working in the bedding department located on the second floor of the store adjacent to the house ware department. She was approached by a customer, later identified as Rhonda Oliver, and the customer wanted to return a Foreman Grill and a mixer. According to Ms. Oliver, she had purchased these two items at Sears Clearview, but she did not have a receipt. According to store policy, Ms. Goins issued a credit for the returned items in the form of a Sears Gift Card, which required that any purchases made with the card were to be made at a Sears store. The card was issued for the sum of approximately $400, according to Ms. Goins.

Ms. Goins later testified that she was suspicious of Ms. Oliver because of the return of two major appliances that were unaccompanied by a receipt. Because of her suspicions, Ms. Goins notified Joseph Bernard, the store's safety asset coordinator. Ms. Goins relayed to Mr. Bernard an account of the return and a description of the customer. At the time of the advisory, Mr. Bernard was located in the store's surveillance camera room where he was able to observe various locations in and outside the store. Mr. Bernard alerted the security manager, Walter Dominique. The two men watched Ms. Oliver on the surveillance cameras. Ms. Oliver was observed leaving the house ware department, going to the first floor by escalator, and exiting the store. At this time, she was carrying two bags, each containing a juicer.

Once outside the store, Ms. Oliver walked to a white vehicle parked in the adjacent lot. She placed one bag of merchandise on the ground and the second bag of merchandise in the white car. She removed the juicer from the bag that was located in the vehicle and left the juicer in the vehicle. She tore the bag and then crumpled it and placed this empty bag inside the bag containing the juicer that was located on the ground. Thereafter, Ms. Oliver returned to the store with the

bagged juicer which also contained the empty bag. Ms. Oliver again returned to the house ware department.

As Mr. Bernard and Mr. Dominique watched on surveillance cameras, Ms. Oliver walked to the corner of the house ware department, removed a sign from the merchandise, and retrieved another boxed juicer. Ms. Oliver now had two juicers in bags and one of the bags was torn. She asked Ms. Goins for a new bag in order to replace the torn one. Ms. Oliver presented the sales associate with a receipt, which indicated that two juicers had been purchased that day for $179.99 each, using a gift card.

Using the previously taken path, Ms. Oliver left the department, stepped onto the escalator to reach the first floor, and walked in the direction of the exit to the parking lot. Mr. Dominique confronted Ms. Oliver before she exited the store. Ms. Oliver asked Mr. Dominique whether she had done something wrong, and Mr. Dominique asked her to accompany him to the security office. Ms. Oliver did so and she was questioned about the newly acquired juicer. Ms. Oliver told Mr. Dominique she had purchased the juicer; however, she was not able to produce a receipt. Jefferson Parish Sheriff's Office was called and an officer arrived at the scene. Ms. Oliver agreed to a search of her vehicle. Two juicers were seized from the vehicle. The third juicer was returned to the store. That item was photographed and returned to the sales shelf. Thereafter, Ms. Oliver was arrested and charged with theft.

*State v. Oliver*, 03-416 (La.App. 5 Cir. 9/30/03), 857 So.3d 1227, 1229.

## STATEMENT OF THE ISSUES

1.  Petitioner is entitled to retroactive effect of LSA-R.S. 14:67.10, theft of goods;

2.  Petitioner's conviction for cruelty to juvenile was illegally used to enhance her sentence;

3.  Petitioner was subjected to double enhancement when the district attorney used her 1994 theft of goods conviction to enhance her sentence; and

4.  Petitioner's conviction was in violation of her right against illegal search and seizure.

## STANDARD OF REVIEW

This case is governed by the Antiterrorism and Effective Death Penalty Act of 1996,

Pub.L. 104-132, 110 Stat. 1214.  The standard of review is governed by 28 U.S.C. 2254(d)(e).

The AEDPA mandates that claims adjudicated on the merits in state court proceedings are

subject to the following standards of review:

> (d) An application for a writ of habeas corpus on behalf of a person in custody
> pursuant to the judgment of a State court shall not be granted with respect to any
> claim that was adjudicated on the merits in State court proceedings unless the
> adjudication of the claim --
>
>> (1) resulted in a decision that was contrary to, or involved an
>> unreasonable application of clearly established Federal law, as
>> determined by the Supreme Court of the United States; or
>>
>> (2) resulted in a decision that was based on an unreasonable
>> determination of the facts in light of the evidence presented in the
>> State court proceeding.

28 U.S.C. 2254(d).

As recognized by the Supreme Court in *Williams v. Taylor*, 529 U.S. 362, 120 S.Ct. 1495,

1523, 146 L.Ed.2d 389 (2000), "§ 2254(d)(1) places a new constraint on the power of a federal

habeas court to grant a state prisoner's application for a writ of habeas corpus with respect to

claims adjudicated on the merits in state court." Under § 2254(d)(1), a federal habeas court may

not grant a state prisoner's application for a writ of habeas corpus with to claims adjudicated on

the merits in state court unless the state court adjudication resulted in a decision that was (1)

contrary to, or involved an application of, clearly established federal law as determined by the

Supreme Court; or (2) resulted in a decision that was based on an unreasonable determination of

the facts in light of the evidence presented in the State court proceeding. *See*, 28 U.S.C. 2254(d).

The Supreme Court has clarified that a decision is "contrary to" clearly established federal law if

the state court arrives at a conclusion opposite to that reached by the Supreme Court on a

question of law, or if the state court decides a case differently than the Supreme Court has on a

set of materially indistinguishable facts. *Williams v. Taylor*, 120 S.Ct. at 1523. With regard to

the "unreasonable application" clause, the Court has held that a federal habeas court may grant

the writ only if the state court unreasonably applies the correct governing legal principle to the

facts of the prisoner's case. *Id.* "A federal habeas court making the "unreasonable application"

inquiry should ask whether the state court's application of clearly established federal law was

objectively unreasonable." *Williams v. Taylor*, 120 S.Ct. at 1521. As noted by the United States

Fifth Circuit, because the standard of review is one of objective reasonableness, "mere

disagreement" with the state court is not enough to warrant relief. *Orman v. Cain*, 228 F.3d 616,

619 (5th Cir. 2000). Under 28 U.S.C. 2254(e)(1), the state court's findings of fact are entitled to

a presumption of correctness. Most importantly, pursuant to 28 U.S.C. 2254(e)(1), the petitioner

bears the burden of rebutting this presumption of correctness by clear and convincing evidence.

## PROCEDURAL ARGUMENT

### *Claim 1 - Retroactive Application of LSA-R.S. 14:67.10*

In Claim 1, petitioner asserts that she is entitled to a retroactive application of the August

15, 2006 amended LSA-R.S. 14:67.10 and eludes in her petition that the failure of the state

courts to apply the retroactive application is a violation of the equal protection clause of the

Constitution. The respondent asserts that petitioner has failed to brief this claim with any

supporting federal law. As such, the respondent maintains that this claim is procedurally barred

from review. Additionally, the state court of appeal held that the petitioner was precluded from

raising a constitutional claim on appeal because she did not first raise the claim in the district

court. Therefore, respondent asserts that this claim was barred on independent and adequate state

court grounds and cannot now be reviewed by this Court on habeas relief.

13

Notwithstanding, the petitioner raised this claim on direct appeal, wherein the Louisiana

Fifth Circuit, in finding no merit to this claim, gave the following reasons:

> In her second pro se allegation of error defendant argues that her conviction was
> obtained in violation of the equal protection clause of the Louisiana Constitution,
> Article 1 § 3. Defendant argues LSA–R.S. 14:67.10 is unconstitutional because it
> establishes different grades of penalties for the theft of goods from merchants than
> the general theft statute, LSA–R.S. 14:67, does for theft from other businesses and
> private persons. She points out that under LSA–R.S. 14:67, the $179.00 theft for
> which she was prosecuted would have been classified as a misdemeanor; and that
> under LSA–R.S. 14:67.10, she was charged with a felony. Consequently, she was
> subject to an enhanced sentence as a habitual offender. The State responds that the
> Louisiana Supreme Court has addressed this issue, and has found that LSA–R.S.
> 14:67.10 does not violate equal protection.FN3

>> FN3. Since defendant, in her second pro se assignment, challenges
>> the constitutionality of a state statute, this court sent notice by
>> certified mail to the Louisiana Attorney General's Office in
>> accordance with LSA–R.S. 13:4448.

> A statute is presumed constitutional and the burden of proving a claim of
> unconstitutionality rests upon the party attacking the statute. *State v. Interiano*,
> 03–1760, p. 4 (La.2/13/04), 868 So2d 9, 13. The constitutionality of a statute
> cannot be raised for the first time on appeal; it must first be presented in the trial
> court. *Williams v. State, Dept. of Health and Hospitals*, 95–0713, p. 4 (La.1/26/96), 671 So.2d
> 899, 901; *State v. Mickel*, 07–47, p. 15 (La.App. 5 Cir. 5/29/07), 961 So.2d 516, 526, *writ
> denied*, 07–1422 (La.1/7/08), 973 So.2d 732. A party contesting the constitutionality of a statute
> has a three-tiered burden: 1) the presentation must be made in the trial court; 2) the claim of
> unconstitutionality must be specially pleaded; and 3) the grounds for the claim must be
> particularized. *Williams,* 95–0713 at 4–5, 671 So.2d at 902; *Mickel*, supra. In this case, defendant
> did not raise the constitutionality issue in the trial court. Accordingly, the question of
> constitutionality is not properly before this Court and should not be addressed. See *State v.
> Mickel*, 07–47 at 16, 961 So.2d at 526–27.

> Defendant's argument also fails on the merits. At the time of defendant's offense,
> LSA–R.S. 14:67.10 B(2) provided that theft of goods valued at $100.00 or more,
> but less than $500.00, was a felony punishable by imprisonment, with or without
> hard labor, for not more than two years. Under LSA–R.S. 14:67 B(3), a
> misappropriation or taking amounting to less than $300.00 was a misdemeanor
> punishable by imprisonment for up to six months. In *State v. Fleury*, 01–0871
> (La.10/16/01), 799 So.2d 468, the Louisiana Supreme Court, under facts similar to
> those in the instant case, rejected the defendant's argument that LSA–R.S.

14:67.10 is unconstitutional FN4. For the reasons expressed by the supreme court in Fleury, the sentencing scheme of LSA–R.S. 14:67.10 does not violate equal protection. This pro se assignment of error lacks merit.

> FN4. The defendant in *Fleury* argued LSA–R.S. 14:67.10 is discriminatory on its face because it provides classifications based on the victim's status, distinguishing between theft of goods from a merchant and theft from another type of business or an average citizen. The Supreme Court rejected the defendant's argument, reasoning that the dissimilar punishments based on the status of the theft victim were warranted because a merchant is more affected by a particular type of theft, i.e., shoplifting, than are other businesses or individuals. *Fleury*, 01–0871 at 8, 799 So.2d at 473–74. The defendant in *Fleury* also argued that LSA–R.S. 14:67.10 does not further an appropriate state interest because it does not protect other businesses from theft to the extent that it protects retail merchants. The Supreme Court rejected that argument too, noting that the greater penalties under LSA–R.S. 14:67.10 reflect "the legislature's desire to address a particular social evil, shoplifting." *Fleury*, 01–0871 at 10, 799 So.2d at 475.

Petitioner, on the face of her petition, fails to show how the state court ruling was based on an unreasonable determination of the facts or that the state court ruling was contrary to, or involved an unreasonable application of federal law.  Thus, this claim lacks merit.

### *Claims 2-3 - Independent & Adequate State Court Grounds*

Petitioner's claims 2 and 3 are procedurally defaulted and barred from federal habeas review.  In claims 2 and 3, the petitioner asserts alleged deficiencies as to her multiple offender sentence.  Louisiana law prohibits raising any sentencing related claims on post conviction relief. La. C.Cr.P. art. 930.3.  The Louisiana Supreme Court denied petitioner's writ applications as to these claims, specifically on this procedural ground, as well as timeliness pursuant to La. C.Cr.P. art. 930.8.  *State ex rel. Oliver v. State*, 08-0511 (La. 11/14/08), 996 So.2d 1087; *State ex rel. Oliver v. State*, 06-2632 (La. 9/14/07), 963 So.2d 387, respectively.

On habeas review, a federal court generally will not review a question of federal law if the decision of that state court rests upon a state ground that is both independent of the merits of the federal claim and adequate to support that judgment.  *Amos v. Scott*, 61 F.3d 333, 338 (5th Cir.1995), *cert. denied*, 516 U.S. 1005, 116 S.Ct. 557, 133 L.Ed.2d 458 (1995), *citing, Harris v. Reed*, 489 U.S. 255, 262, 109 S.Ct. 1038, 103 L.Ed.2d 308 (1989).  This rule applies whether the state law ground is procedural or substantive.  *Coleman v. Thompson,* 111 S.Ct. 2546, 2554 (1991).  The *Coleman* Court explained:

> In the context of direct review of a state court judgment, the independent and adequate state ground is jurisdictional. Because this Court has no power to review a state court determination that is sufficient to support the judgment, resolution of any independent federal ground for the decision would not affect the judgment and would therefore be advisory. See Herb v. Pitcairn, 324 U.S. 117, 125-26, 65 S.Ct. 459, 462-464 (1945) ("We are not permitted to render an advisory opinion, and if the same judgment would be rendered by the state court after we corrected its views of federal laws, our review would amount to nothing more than an advisory opinion").

*Id*.

In order to fulfill the independence requirement, the last state court rendering a judgment in the case must "clearly and expressly" indicate that its judgment is independent of federal law and rests on a state procedural bar. *Amos*, 61 F.3d at 338; *Harris*, 489 U.S. at 263.  In denying the petitioner's writ applications, the Louisiana Supreme Court denied on procedural grounds, specifically, La. C.Cr.P. art. 930.8; *State ex rel. Glover v. State*, 93-2330 (La. 9/5/95), 660 So.2d 1189; *State v. Parker*, 98-0256 (La. 5/8/98), 711 So.2d 694; La. C.Cr.P. art. 930.3 and *State ex rel. Melinie v. State*, 93-1380 (La. 1/12/96), 665 So.2d 1172.  It is well settled law, that where the "last reasoned opinion on the claim explicitly imposes a procedural default, [a court] will presume that a later decision rejecting the claim did not silently disregard that bar." *Ylst v.*

*Nunnemaker*, 501 U.S. 801, 803, 11 S.Ct. 2590, 2594, 115 L.Ed.2d. 706 (1991).  Therefore, this

claim meets the "independence" requirement.  Moreover, the state procedural rule must also be

"adequate."  "An 'adequate' rule is one that state courts strictly or regularly follow, and one that is

applied evenhandedly to the vast majority of similar claims." *Glover v. Cain*, 128 F.3d 900, 902

(5th Cir.1997), *citing, Amos*, 61 F.3d at 339.  A state procedural rule enjoys a presumption of

adequacy when the state court expressly relies upon it in deciding not to review a claim for

collateral relief. *Id., citing, Lott v. Hargett*, 80 F.3d 161, 165 (5th Cir.1996).  Moreover, there is

no suggestion that these procedural bars have not been evenhandedly applied; therefore, this

Court should find that La. C.Cr.P. art. 930.3 and La. C.Cr.P. art. 930.8 are adequate to bar federal

review of the petitioner's defaulted claims.  Because there are adequate and independent state

grounds to support the rulings of the state courts, including the Louisiana Supreme Court,

petitioner's federal writ of habeas corpus is barred unless he show cause for the procedural

default and actual prejudice.  *See, Coleman v. Thompson*, 111 S.Ct. 2546, 2553-54 (1991).

     A judgment resting on an independent and adequate state rule of procedural default

precludes federal habeas review of a claim if the habeas petitioner cannot show "cause" for the

default and "prejudice attributed thereto," or demonstrate that the federal court's failure to review

the defaulted claim will result in a "fundamental miscarriage of justice." *Amos*, 61 F.3d at

338-339; *Wainwright v. Sykes*, 433 U.S. 72, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1977); *Harris*, 489

U.S. at 262; *Engle v. Isaac*, 456 U.S. 107, 102 S.Ct. 1558, 71 L.Ed.2d 783 (1982).  To

demonstrate cause, the petitioner must prove that some condition external to the defense impeded

his efforts to comply with the procedural rules, that the factual or legal basis of a claim was not

available to counsel, or that governmental interference rendered procedural compliance

impractical. *Murray v. Carriere*, 106 S.Ct. 2639, 2645 (1986).

Petitioner has failed to show "cause" for her procedural default.  There was no governmental interference which prevented her from timely raising her claims on post conviction relief.  Additionally, the petitioner cannot show "actual prejudice", nor does the record reflect any.  Regarding the "fundamental miscarriage of justice" element, it would exist only in extraordinary circumstances where the constitutional violation has possibly resulted in the conviction of an individual who is actually innocent.  *Murray v. Carriere*, 106 S.Ct. at 2645.

Accordingly, the petitioner fails to, and indeed cannot, show cause, prejudice, or a fundamental miscarriage of justice.  Therefore, this Court is precluded from reviewing the merits of petitioner's claims 2 and 3.

### *Claim 4 - Stone v. Powell*

In Claim 4, the petitioner contends that her conviction was obtained through the use of evidence seized pursuant to an unconstitutional search and seizure.  In *Stone v. Powell*, 428 U.S. 465, 96 S.Ct. 3037, 49 L.Ed.2d 1067 (1976) the United States Supreme Court held that:

> where the State has provided an opportunity for full and fair litigation of a Fourth Amendment claim, a state prisoner may not be granted federal habeas corpus relief on the ground that evidence obtained in an unconstitutional search or seizure was introduced at his trial.

*Stone v. Powell*, 428 U.S. at 494, 96 S.Ct. at 3052 (footnotes omitted).  A "full and fair hearing means that 'where there are *facts* in dispute, full and fair consideration requires consideration by the fact-finding court, and at least the availability of meaningful appellate review by a higher court.' " *Davis v. Blackburn*, 803 F.2d 807, 808 (5th Cir. 1986).  Absent a plea or proof by petitioner that he was denied a full and fair hearing in state court, his request for federal habeas relief based upon a Fourth Amendment violation is precluded.  *Stone v. Powell*, 428 U.S. at 494-

495, fn. 37; *Bell v. Lynaugh*, 828 F.2d 1085, 1091-1092 (5th Cir. 1987).

The petitioner does not contend that she was denied a full and fair opportunity to litigate her Fourth Amendment Claim in state court.  In fact, the record shows during trial, a hearing on the admissibility of the items found in the petitioner's vehicle was held outside the presence of the jury.  After hearing the law, evidence, and arguments of counsel, the trial court ruled that no testimony could be admitted as to the items found in the petitioner's vehicle and instructed the jury to "disregard any testimony by [Mr. Dominique] of items that he viewed inside the defendant's vehicle."  Subsequently, the Fourth Amendment claim was fully presented in the petitioner's direct appeal to both the Louisiana Fifth Circuit and the Louisiana Supreme Court. *State v. Oliver*, 03-416 (La.App. 5 Cir. 12/29/09), 30 So.3d 946; *writ denied*, 10-271 (La. 9/17/10), 45 So.3d 1041.  In finding no merit to the petitioner's claim, the Louisiana Fifth Circuit gave the following reasons:

> In her first pro se assignment of error, the defendant alleges that the trial court erred by allowing one of the items seized from the appellant[']s car during the unlawful search to be admitted before the jury throughout the trial. Defendant argues the improperly admitted evidence, regarding a "third juicer" or "other juicer," was seized in an unlawful search of her car. The State responds that defendant is not entitled to relief because she failed to preserve the issue for appeal.
>
> Defendant filed a pre-trial motion to suppress evidence, but the record does not indicate that the motion was ever heard. *State v. Oliver*, 03–416 at 2, 857 So.2d at 1228. A defendant waives all pending motions by permitting trial to proceed without raising the issue that his pre-trial motions were neither heard nor ruled on. *State v. Fletcher*, 02–707, p. 5 (La.App. 5 Cir. 12/30/02), 836 So.2d 557, 559, writ denied, 03–0409 (La.10/10/03), 855 So.2d 334.
>
> A review of the trial proceedings reflects that there was mention throughout the trial of all three juicers involved in the incident. Even defense counsel, in his opening statement, referred to the juicer defendant put in her car. Defendant did not object to any references to the juicers until the testimony of Walter Dominique, the State's last witness. Under LSA–C.Cr.P. art. 841, "[a]n

19

irregularity of error cannot be availed of after verdict unless it was objected to at the time of occurrence."

During Mr. Dominique's testimony, defendant objected to the mention of items seized from her vehicle after she was apprehended. Specifically, the prosecutor asked Mr. Dominique what, if anything, he saw in defendant's vehicle during his investigation of the incident. Mr. Dominique responded, "There were several items of Sears merchandize [sic] that had Sears tags on it, mostly small appliances like mixers, George Foreman Grills." Defense counsel objected and stated, out of the jury's hearing,

> My objection is that they go out to the car and they find numerous items other than the juicers, none of which are stolen, although the report tries to infer that there's something illegal or stolen about it. To my knowledge, it is not the subject of this trial, so the inference is that perhaps there's something illegal and improper about these items being in the car, which is what the report basically intimates. Judge, it just doesn't come in because it's not the subject of this trial. It's bringing in other evidence. And if it is not, then what's the purpose of bringing it in? If he's going to say he went out and recovered one juicer because that's all there could have been out there since she brought back one with her that was already paid for, but these other items are paid for as far as we know.

The trial judge ordered an evidentiary hearing, out of the jury's presence, regarding whether the search of defendant's vehicle in the parking lot of Oakwood Mall was lawful, and consequently, whether the evidence found in the car was admissible. Mr. Dominique testified he was present when the evidence was located in defendant's car. Some of it was in the passenger area of the car, and some of it was in the trunk. He looked through the car's windows and saw some of the items. Mr. Dominique saw defendant hand her car keys to a deputy, and then officers searched the vehicle. Mr. Dominique said he did not search the car himself, nor did he seize any items from the car. He testified all of the property taken from the car was photographed and turned over to the Jefferson Parish Sheriff's Office. The only item the store kept was "the last juicer when she came in the store and picked it up and put it in the bag." Mr. Dominique further testified that he did not know whether police seized the items from the car before or after defendant signed a "consent to search" form.

The judge ruled:

> I'm not going to allow this evidence before the jury. I do not find that the constitutionality of the search has been established through this witness. The search was not one of his own. There's a question

as to when the consent was given and under what circumstances and that must be established by the police officer. I have not ruled that it is inadmissible. I am ruling that it is not by this witness. I further find that his presence at the car was provoked by the police who were on the way out to search the vehicle. Had he gone out on his own and viewed it through that window, I would have allowed it, but he went out with the police officers who had obtained consent presumably by this witness—I mean by the defendant. Until such time as that is established, that evidence will not be admitted before the jury, and the defense's objection is sustained.

At the conclusion of the hearing, the jury returned to the courtroom, and the judge instructed them to "disregard any testimony by [Mr. Dominique] of items that he viewed inside the defendant's vehicle." The prosecutor continued questioning Mr. Dominique regarding the last juicer defendant picked up in the store. Mr. Dominique testified that he photographed the "third juicer" and put it back on the sales floor. He stated that the "other juicer" (assumedly the second one in defendant's possession when Mr. Dominique stopped her) was taken by the police department. Defendant did not object to that testimony, nor did she object to the admission of State's Exhibit 3, a photograph of the juicer that Mr. Dominique returned to the sales floor. As the judge ordered, the State did not attempt to elicit any further testimony regarding the search of the car. The jury did not hear any testimony—either before or after defendant's objection—about the seizure of a juicer from defendant's vehicle.

Based on the foregoing, defendant fails to show the trial court erred. This allegation of error has no merit.

*State v. Oliver*, 03-416 (La.App. 5 Cir. 12/29/09), 30 So.3d 946.

This ruling was additionally reviewed and denied by the Louisiana Supreme Court. *State v. Oliver*, 10-271 (La. 9/17/10), 45 So.3d 1041. Thus, the material facts were adequately developed in state court, and the petitioner has not alleged any undeveloped evidence sufficient to call into the question the reliability of the state courts' determination of her federal claim. The respondent contends that the Louisiana state courts have accorded the petitioner an opportunity for "full and fair" litigation of this issue and that habeas corpus relief is not warranted. *See, Andrews v. Collins*, 21 F.3d 612, 631 (5th Cir. 1994), *cert. denied*, 115 S.Ct. 908, 130 L.Ed. 790

(1995); *Williams v. Collins*, 16 F.3d 626, 637 (5th Cir.), *cert. denied*, 115 S.Ct. 42, 129 L.Ed.2d

937 (1994).  The State provided petitioner, assisted by counsel, with the opportunity to litigate

her Fourth Amendment claim fully and fairly.  Therefore, the *Stone v. Powell* bar applies.

## RESERVATION OF RIGHTS

Respondent respectfully reserves the right to submit additional argument on the merits

should this Honorable Court deem necessary upon review.  Further, respondent expressly does

not waive any defenses or  procedural objections.

## CONCLUSION

Respondent submits that this petition should be dismissed with prejudice.

Respectfully Submitted,

/s/ Desirée M. Valenti

_____

DESIRÉE M. VALENTI  #29464
ASSISTANT DISTRICT ATTORNEY
DISTRICT ATTORNEY'S OFFICE
200 DERBIGNY STREET
GRETNA, LOUISIANA 70053
(504) 368-1020

CERTIFICATE OF SERVICE

I do hereby certify that a copy of the foregoing document and the notice of electronic
filing has been served on the following non-CM/ECF participant:

Rhonda K. Oliver # 314600
LA Correctional Institute for Women
P.O. Box 25
St. Gabriel, LA 70776

by placing same in the United States mail, postage paid, this 6th day of DECEMBER, 2012.

/s/ Desirée M. Valenti

_____

DESIRÉE M. VALENTI

22