TWENTY FOURTH JUDICIAL DISTRICT COURT
PARISH OF JEFFERSON
STATE OF LOUISIANA

NO. 01-955                                           DIVISION " P "

STATE OF LOUISIANA

VERSUS

RHONDA OLIVER

FILED: 6-28-11

DEPUTY CLERK

### ORDER

This matter comes before the court on the defendant's **APPLICATION FOR POST-CONVICTION RELIEF, STAMPED AS FILED APRIL 20, 2011, STATE'S OPPOSITION, STAMPED AS FILED JUNE 14, 2011, AND PETITIONER'S RESPONSE, STAMPED AS FILED JUNE 22, 2011.**

On July 31, 2001, the defendant was convicted of shoplifting. A multiple offender bill was filed, alleging that the defendant had been convicted of cruelty to a juvenile, and shoplifting between $100 and $500, shoplifting over $500. On October 3, 2001, following a contested hearing, the court adjudicated defendant to be a Fourth Felony Offender. On October 10, 2001, the court sentenced defendant to 20 years incarceration at hard labor.

The defendant has filed numerous challenges to her sentence with this court, as well as with the Fifth Circuit Court of Appeal. Her conviction and sentence were upheld on appeal. *State v. Oliver*, 857 So.2d 1227, 03-416 (La.App. 5 Cir. 9/30/03), writ denied, *State ex rel. Oliver*, 2004-KH-2139 (La. 5/20/05), 902 So.2d 1042. The Fifth Circuit Court of Appeal later combined defendant's writs and considered additional pro se assignments of error, again affirming her conviction and sentence. *State v. Oliver*, 03-KA-416, 09-KH-710, 09-KH-711 (La. App. 5 Cir. 12/29/09), 30 So.3d 946, *rehearing denied*, 1/26/10, writ denied, 2010-KO-271 (La. 9/17/10), 45 So3d 1041.

Defendant now files an application for post-conviction relief, alleging the following claims:
1. The Statute creating the offense is unconstitutional.
2. Her sentence is in violation of double jeopardy.
3. Ineffective assistance of counsel.
4. Illegal search and seizure.

Claim #1
Petitioner argues that the statute creating the offense for which she was convicted is unconstitutional. This claim is barred from review under LSA-C.Cr.P. Art. 930.4(C), which states that unless required in the interest of justice, any claim for relief which was fully litigated in an appeal from the proceedings leading to the judgment of conviction and sentence shall not be considered. This claim was a previously argued assignment of error, and was fully litigated in petitioner's direct appeal. The merits of this claim shall not be reviewed by this court in post-conviction relief.

Claim #2
Petitioner argues that her sentence is in violation of her Fifth Amendment right against double jeopardy, in that several predicate offenses should not have been used in her multiple offender adjudication. Because petitioner is contesting her multiple offender adjudication, this claim is barred from review on post-conviction relief.

The petitioner is not entitled to relief on the grounds asserted. A person in custody after a sentence for an offense must articulate one of seven specific and exclusive grounds in order to obtain post-conviction relief. As LSA-C.C.P. Art. 930.3 provides,

> *If the petitioner is in custody after sentence for conviction for an offense, relief shall be granted only on the following grounds:*
> *(1) The conviction was obtained in violation of the constitution of the United States or the state of Louisiana;*

IMAGED JUN 28 2011 COPY OF THE ORIGINAL
ON FILE IN THIS OFFICE.

DEPUTY CLERK
24TH JUDICIAL DISTRICT COURT
PARISH OF JEFFERSON, LA

issued/cm 6-28-11

(2) The court exceeded its jurisdiction;
(3) The conviction or sentence subjected him to double jeopardy;
(4) The limitations on the institution of prosecution had expired;
(5) The statute creating the offense for which he was convicted and sentenced is unconstitutional; or
(6) The conviction or sentence constitute the ex post facto application of law in violation of the constitution of the United States or the state of Louisiana.
(7) The results of DNA testing performed pursuant to an application granted under Article 926.1 proves by clear and convincing evidence that the petitioner is factually innocent of the crime for which he was convicted.

The petitioner's claims do not fall within these grounds.

The Supreme Court of Louisiana in *State ex rel. Melinie v. State*, 665 So.2d 1172 (La. 1/12/96), has held that article 930.3 provides no basis for review of claims of excessiveness or other sentencing error in post-conviction proceedings. *See also State v. Hebreard*, 708 So.2d 1291, 98-0385 (La.App. 4 Cir. 3/25/98), which explicitly decreed that a challenge to petitioner's adjudication as a multiple offender was not a proper ground for post-conviction relief.

Additionally, the court has previously addressed the issues included in this claim in petitioner's previously filed pleadings, and denied relief on the same grounds asserted. The court finds this claim repetitive and successive.

Claim #3

Petitioner argues that counsel was ineffective in allowing the State to file a multiple bill of information, and not challenging her conviction from August 31, 2001. Petitioner's claim is not cognizable for review in post-conviction relief. Under *State v. Cotton*, the Louisiana Supreme Court ruled that respondent's post-conviction claim that he received ineffective assistance of counsel at his habitual offender adjudication is not cognizable on post-conviction relief:

> Writ granted. The appellate court's order granting respondent's writ and remanding the case to the district court is vacated and the district court ruling dismissing the application is reinstated. In State ex rel. Melinie v. State, 93–1380 (La.1/12/96), 665 So.2d 1172, this Court construed the provisions of La.C.Cr.P. art. 930.3 and determined that they "provide[ ] no basis for review of claims of excessiveness or other sentencing error post-conviction." (Emphasis added). Although respondent argues that an unreasonable delay in instituting the habitual offender proceedings provides him with a claim for post-conviction relief under La.C.Cr.P. art. 930.3(4)( "The limitations on the institution of prosecution had expired."), an habitual offender adjudication does not pronounce a separate conviction or institute a separate criminal proceeding, but instead "only addresses itself to the sentencing powers of the trial judge after conviction and has no functional relationship to ... innocence or guilt...." State v. Walker, 416 So.2d 534, 536 (La.1982); see also State v. Dorthey, 623 So.2d 1276, 1278 (La.1993) **2 habitual offender bill of information "does not charge a new crime but merely advises the trial court of circumstances...."). An habitual offender adjudication thus constitutes sentencing for purposes of Melinie and La.C.Cr.P. art. 930.3, which provides no vehicle for post-conviction consideration of claims arising out of habitual offender proceedings, as opposed to direct appeal of the conviction and sentence. *1031 La.C.Cr.P. art. 912(C)(1)(defendant may appeal from a judgment "which imposes sentence"). A fortiori, respondent's claim that he received ineffective assistance of counsel at his habitual offender adjudication is not cognizable on collateral review so long as the sentence imposed by the court falls within the range of the sentencing statutes. Cf. La.C.Cr.P. art. 882.

*State v. Cotton*, 2009-2397 (La. 10/15/10), 25 So.3d 1030.

Petitioner also argues that counsel was ineffective for mentioning in opening statement that petitioner "had three juicers and that one of them had been placed in

IMAGED JUN 28 2011 COPY OF THE ORIGINAL ON FILE IN THIS OFFICE.

DEPUTY CLERK
24TH JUDICIAL DISTRICT COURT
PARISH OF JEFFERSON, LA

Petitioner's car." She argues that trial counsel failed to speak in a manner most favorable, and this affected the outcome of the trial.

It is clear that the petitioner has a Sixth Amendment right to effective legal counsel. Under the well-known standard set out in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), and *State v. Washington*, 491 So.2d 1337 (La.1986), a conviction must be reversed if the defendant proves (1) that counsel's performance fell below an objective standard of reasonableness under prevailing professional norms, and (2) counsel's inadequate performance prejudiced defendant to the extent that the trial was rendered unfair and the verdict suspect. *State v. Legrand*, 2002-1462 (La.12/3/03), 864 So.2d 89.

To be successful in arguing a claim of ineffective assistance of counsel, a post-conviction petitioner must prove deficient performance to the point that counsel is not functioning as counsel within the meaning of the Sixth Amendment. A petitioner must also prove actual prejudice to the point that the results of the trial cannot be trusted. It is absolutely essential that both prongs of the *Strickland* test must be established before relief will be granted by a reviewing court.

Furthermore, there is a strong presumption that counsel's performance is within the wide range of effective representation. Effective counsel, however, does not mean errorless counsel and the reviewing court does not judge counsel's performance with the distorting benefits of hindsight, but rather determines whether counsel was reasonably likely to render effective assistance. *State v. Soler*, 93-1042 (La.App. 5 Cir. 4/26/94), 636 So.2d 1069, 1075.

In this case, as the State points out in its response, counsel gave the jury an innocent explanation for petitioner's actions, and did not imply or admit petitioner's guilt. Counsel's remarks in opening statements clearly go to trial strategy. The Supreme Court has emphatically directed that, "in evaluating the performance of counsel, strategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable; and strategic choices made after less than complete investigation are reasonable precisely to the extent that reasonable professional judgments support the limitations on investigation." *Strickland*, 466 U.S. at 690-691, 104 S.Ct. 2052, 80 L.Ed.2d 674.

Petitioner does not prove any deficient performance, or that counsel's actions changed the outcome of the trial. She fails to prove either prong of Strickland, and is not entitled to relief.

Claim #4

Petitioner argues that she was denied her Fourth Amendment right against illegal search and seizure. This claim is barred from review under LSA-C.Cr.P. Art. 930.4(C), which states that unless required in the interest of justice, any claim for relief which was fully litigated in an appeal from the proceedings leading to the judgment of conviction and sentence shall not be considered. This claim was a previously argued *pro se* assignment of error, and was fully litigated in petitioner's second appeal. The merits of this claim shall not be reviewed by this court in post-conviction relief.

Accordingly,
**IT IS ORDERED BY THE COURT** that the petitioner's application for post-conviction relief be and is hereby **DENIED**.

Gretna, Louisiana this 28th day of June, 2011.

_____
JUDGE

**PLEASE SERVE:**
PRISONER: Rhonda Oliver, DOC #314600, LCIW, P.O. Box 25, St. Gabriel, LA 70776

Terry Boudreux, Andrea Long, Jefferson Parish District Attorney's Office, , 200 Derbigny St., Gretna, LA 70053

IMAGED JUN 8 2011

A TRUE COPY OF THE ORIGINAL
ON FILE IN THIS OFFICE.

_____
DEPUTY CLERK
24TH JUDICIAL DISTRICT COURT
PARISH OF JEFFERSON, LA

# Application For Writs

## No. '11-KH-771

## COURT OF APPEAL, FIFTH CIRCUIT

## STATE OF LOUISIANA

AUG - 1 2011

*Mary O Legnon*
_____
Deputy Clerk

**STATE OF LOUISIANA
VERSUS
RHONDA OLIVER**

IN RE  RHONDA OLIVER

**APPLYING FOR**  SUPERVISORY WRIT FROM THE TWENTY-FOURTH JUDICIAL DISTRICT COURT, PARISH OF JEFFERSON, STATE OF LOUISIANA, DIRECTED TO THE HONORABLE LEE V. FAULKNER, DIVISION "P", NUMBER 01-955

**Attorneys for Relator:**

Rhonda K. Oliver #314600
Louisiana Correctional Institute for Women
P. O. Box 26
St. Gabriel, LA 70776

**WRIT DENIED**

**Attorneys for Respondent:**

(See Attached)

Terry M. Boudreaux
Assistant District Attorney
Parish of Jefferson
200 Derbigny Street
Gretna, LA 70053
(504) 368-1020

Gretna, Louisiana, this 1st day of September, 2011.

7.

| | |
|---|---|
| STATE OF LOUISIANA | NO. 11-KH-771 |
| VERSUS | FIFTH CIRCUIT |
| RHONDA OLIVER | COURT OF APPEAL |
| | STATE OF LOUISIANA |

**WRIT DENIED**

In her writ application, relator claims that the district court erred in failing to address her claim regarding the affiliation between politicians and merchants presented in her application for post-conviction relief. However, relator has not included a copy of her Uniform Application for Post-Conviction Relief form.

Uniform Rules, Courts of Appeal, Rule 4-5(C)(8) requires that relator's submission include, "a copy of each pleading on which the judgment, order, or ruling was founded [.]"

In this case, relator has not included in her submission a copy her Uniform Application for Post-Conviction Relief form filed in the district court and upon which the district court ruled, as required by Uniform Rules, Courts of Appeal, Rule 4-5(C)(8). Without the aforementioned documentation, we are unable to review relator's writ application and to determine the correctness of the district court's June 28, 2011 ruling.

In addition, relator has not briefed her assigned error, as required by Uniform Rules, Courts of Appeal, Rule 4-5(C)(5). Rather, relator only refers this Court to the memorandum in support of her application for post-conviction relief filed in the district court, some exhibits, the State's opposition, and the district court's June 28, 2011 Order. Since relator has not briefed her assigned error, there is nothing for this Court to review.

Accordingly, this writ application is denied.

Gretna, Louisiana, this _1st_ day of _September_, 2011.

_____
JUDGE SUSAN M. CHEHARDY

_____
JUDGE FREDERICKA HOMBERG WICKER

_____
JUDGE MARC E. JOHNSON

A TRUE COPY
GRETNA
SEP - 1, 2011
DEPUTY CLERK
COURT OF APPEAL, FIFTH CIRCUIT

8.