**UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF LOUISIANA**

**NEW ORLEANS DIVISION**

U. S. DISTRICT COURT
Eastern District of Louisiana
FILED   JAN 28 2013

LORETTA G. WHYTE
Clerk

| | |
|---|---|
| **RHONDA K. OLIVER** | **CIVIL ACTION** |
| **VERSUS** | **NO. 12-2159** |
| **JAMES ROGERS, WARDEN** | **SECTION "T" (5)** |

---

### MEMORANDUM IN SUPPORT OF
### WRIT OF HABEAS CORPUS

---

   **NOW INTO THIS HONORABLE COURT COMES** Rhonda K. Oliver, pro se, who hereby submits this petition for a Writ of Habeas Corpus under **28 U.S.C. § 2254** on the grounds as set forth in more detail below, that she is in the custody of the State of Louisiana, pursuant to a conviction for theft of goods in which she was subsequently sentenced to twenty (20) years hard labor, in violation of the Constitution and laws of the United States.

## JURISDICTION

   Jurisdiction in this cause is invoked pursuant to **28 U.S.C. § 2254**, vesting this Court with the authority to review this Petition for Writ of Habeas Corpus.

## STANDARD OF REVIEW

   The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") comprehensively revised federal habeas corpus proceedings under 28 U.S.C. §

TENDERED FOR FILING

JAN 28 2013

U.S. DISTRICT COURT
Eastern District of Louisiana
Deputy Clerk

Fee_____
____ Process_____
X  Dktd_____
X  CtRmDep_____
Doc. No._____

2254.   AEDPA went into effect on April 24, 1996; therefore, applies to the instance petition for writ of habeas corpus.

## LAW AND ARGUMENT

**Claim No. 1: Retroactivity is applicable to cases that are still pending on appeal when the law is enacted; therefore, this case qualifies for retroactive application of LSA-R.S. 14:67.10(2), as it was enacted while Petitioner's appeal was pending in the Fifth Circuit Court of Appeal.**

Petitioner's first claim is not procedurally defaulted or barred from federal review. It is obvious that the respondent is confusing the constitutional claim Petitioner raised in her direct appeal back in 2003 (See Exhibit A) with the retroactivity claim she raised in the motion to correct illegal sentence that was denied on July 9, 2008 by the 24th Judicial District Court. (See Exhibit B) Petitioner's retroactivity claim was argued in a motion to correct illegal sentence/motion requesting retroactive application of recent enactment of LSA-R.S. 14:67.10(2). In this motion, the Petitioner argued that the 2006 change to the theft of goods law, LSA-R.S. 14:67.10(2) should be applied retroactively to her case because at the time it was passed, her case was still pending on direct appeal. (See Exhibits C, H, & D) Petitioner could not have possibly argued this in 2003 when the law did not change until 2006. (See Exhibit D) Petitioner's direct appeal was filed on July 18, 2003. (See Exhibit H) Petitioner's first claim is not procedurally defaulted because she argued her retroactivity claim in a motion to

correct illegal sentence as pursuant to LSA-C.Cr.P. Art. 882, which can be filed at any time.

In order to fulfill the independence requirement, the last state court rendering a judgment in the case must "clearly and expressly" indicate that its judgment is independent of federal law and rest on a state procedural bar. *Amos v. Scott,* 61 F. 3d 333, 338 (5th Cir. 1995), *Harris v. Reed,* 489 U.S. 255, 262, 109 S.Ct. 1038, 103 L.Ed. 2d 308 (1989). In denying the Petitioner's writ application, the Louisiana Supreme Court did not deny on procedural grounds, in fact, the writ application was denied without expressing a reason.

Petitioner would like to stress that the respondent's independent and adequate argument against claim one is irrelevant. A federal court will review a question of federal law when the decision of the state court does not rest upon a state ground that is both independent of the merits of the federal claims and adequate to support the judgment. *Harris v. Reed,* **489 U.S. 255, 262, 109 S.Ct. 1038, 103 L.Ed. 2d 308 (1989).**The respondent's argument against claim one does not meet the independence requirement because Petitioner's sentence is in violation of the Equal Protection Clause of the United States Constitution. Also, in *Griffith v. Kentucky,* **479 U.S. 314, 107 S.Ct. 708, 93 L.Ed. 2d 649 (Jan.13, 1987),** the United States Supreme Court held, "[A] new rule for the conduct of

criminal prosecutions is to be applied retroactively to all cases, state or federal, pending on direct review or not yet final..." Id. at 328, 106 S. Ct. at 716.

The Louisiana Courts have adopted *Griffith.* See *State v. Sanders, 523 So. 2d 209, 211 (La. 1988).*

Generally, a new rule for the conduct of criminal prosecutions is to be applied to all cases pending on direct review or not yet final. See e.g. *Shea v. Louisiana, 470 U.S. 51, 105 S.Ct. 1065, 84 L.Ed. 2d 38 (1985); United States v. Johnson, 457 U.S. 537, 73 L.Ed.2d 202, 102 S.Ct 2579 (1982).* Changes in the law cannot be made to apply to cases that have progressed to final judgment. *Plaut v. Spendthrift Farm*, 514 U.S. 211, 228, 115 S. Ct. 1447, 131 L. Ed. 2d 328 (1995).

Petitioner asserts that she has succeeded in briefing this claim with supporting federal case laws.

The respondent's argument against claim one also fails to meet the adequate requirement because the Supreme Court of Louisiana's ruling in *State v. Jackson,* holding that the accused must be informed in the bill of information or indictment of the nature and cause of the accusation against him in order to be subject to the enhanced penalty provisions for use of a firearm in the commission of certain enumerated crimes under La. R.S. 14:95.2, was retroactively applied to the *State of Louisiana v. Sanders* because Sanders conviction and sentence was still pending on appeal. The Louisiana Supreme Court ruled in *State of Louisiana vs. Wesley*

4

***Dick and Melvin Smith*** that the 2006 law does not allow resentencing in the courts after their sentences had become final. The way the State responded in the cases mentioned above proves that the State courts have not strictly or regularly followed or evenhandedly applied retroactivity to cases still pending on appeal. For these reasons, the respondent has failed to meet the independent and adequate requirement.

In addition, the respondent also states that Petitioner's argument fails on merit, stating that at the time of defendant's offense, LSA R.S. 14:67.10B(2) provided that theft of goods valued at $100.00 or more, but less than $500.00, was a felony punishable by imprisonment, with or without hard labor, for not more than two years. Yet, in ***State v. Daniel Sugasti***, 820 So.2d 518, 2002, the trial court sentenced the defendant under the recently amended drug offense penalty statute instead of the penalty that was in place at the time he committed his offense. The Louisiana Supreme Court ruled that the trial court improperly placed defendant on probation under the recently amended drug offense penalty statute, as defendant committed offenses three years prior to enactment of amendment and former penalty provisions did not permit probation. Judge Bernette Johnson, who is presently the chief Judge, dissented against the majority. Judge Johnson stated that in ***State v. Michael Mayeaux***, 01-KK-3195 (La. 6/ /02), which was decided on the same day as ***Sugasti***, the Louisiana Supreme Court ruled that the trial court erred in

sentencing the defendant under the penalty provisions of LSA R.S. 14:98(G), as it existed at the time of the defendant's DWI offense, rather than at the time of his conviction. Judge Johnson stated that the same rationale as expressed by the Court in *Mayeaux* should apply in *Sugasti.*

Moreover, the respondent's entire argument which is supported by *State v. Fleury,* **01-0871 (La. 10/16/01), 799 So. 2d 468** is irrelevant. In this case, Fleury argued that it was unconstitutional for theft, LSA-R.S. 14:67 ($300 and under) to be a misdemeanor and theft of goods, La. R.S. 14:67.10(2) ($300 and under) to be a felony. The reasons the Louisiana Supreme Court expressed in Fleury, to support their findings that LSA R.S. 14:67.10 does not violate the equal protection clause of the United States Constitution became moot on August 15, 2006, when the lawmakers made both theft laws equal. (See Exhibit D) Before this change was made, LSA-R.S. 14:67.10(2), theft of goods, was unconstitutional because it was in violation of the equal protection clause of the United States Constitution.

Petitioner asserts that this ground is not procedurally barred from review because in addition to her raising this ground in her direct appeal, she also raised it in a motion to correct illegal sentence that can be filed at any time as pursuant to LSA-Cr.C.P. Art. 882.

Moreover, Petitioner asserts any procedural default should be excused because her counsel was ineffective and because she is actually innocent of being sentenced as

a fourth felony offender to twenty (20) years. Actual innocence exception applies in noncapital sentencing context when error is related to finding of predicate act forming the basis for enhancement, and *Mikalajunas, supra* (actual innocence exception applies in noncapital sentencing context where error relates to a recidivist enhancement). See *United States v. Haley*, 541 U.S. 386, 124 S.Ct. 1847.

Attorney Bruce G. Whittaker, Louisiana Appellate Project Attorney, filed a brief on behalf of Petitioner, into the Fifth Circuit Court of Appeal on April 24, 2003. (See Exhibit E) After receiving a copy of the brief that was filed on her behalf, Petitioner sent a letter to the Fifth Circuit Court asking for permission to supplement. (See Exhibit G) On July 8, 2003, the Fifth Circuit issued an order giving Petitioner until July 18, 2003 to file her supplement. (See Exhibit G) Petitioner mailed her supplement to the Fifth Circuit and it was timely filed on July 18, 2003. (See Exhibit H) On September 30, 2003, the Fifth Circuit affirmed Petitioner's sentence. (See Exhibit I) However, this affirmation was only for the excessive sentence claim that Attorney Whittaker raised in his April 24, 2003 brief on behalf of Petitioner. After waiting almost five months for the court to address Petitioner's supplemental brief, Petitioner wrote a letter to the Fifth Circuit inquiring about the status of her supplement to her direct appeal. Mr. Jerrold Peterson responded to this inquiry. (See Exhibit H) In Mr. Peterson's letter dated February 19, 2004, he stated that Petitioner's appeal was received on July 18,

2003. Mr. Peterson also stated that Petitioner's appeal was distributed to the judges on the panel. Yet, in his suicide letter, which was published in part on the January/February 2009 issue of the Angolite, (See Exhibit J, pg. 4of 8) and in the Times Picayune Newspaper (See Exhibit K & L) Mr. Peterson stated that the Judges on the panel never even glanced at Petitioner's pro se brief. Petitioner wrote another letter to the Fifth Circuit inquiring about her appeal and Mr. Peterson responded in a letter that he wrote on March 2, 2004, 12 days after his first letter, that Petitioner's sentence was affirmed on September 30, 2003. (See Exhibit M) After receiving this suspicious letter, Petitioner began to flood the Fifth Circuit Court with letters and motions trying to prove to them that her supplement to her direct appeal was not ruled upon on September 30, 2003. Petitioner was unsuccessful in all her many attempts. On August 30, 2006, Mr. Jerrold B. Peterson finally sent Petitioner another letter, still evading all the facts and insisting that her appeal was ruled upon on September 30, 2003. (See Exhibit N) Eight months later, the mystery behind Petitioner's unanswered appeal came to light via an article in the Time Picayune newspaper reporting the suicide of Mr. Jerrold B. Peterson and the corruption in the Fifth Circuit Court. (See Exhibit K) At this time, Petitioner had solid evidence that her pro se supplement to her direct appeal was still pending. Then, Petitioner went on to file a motion to correct illegal sentence/motion requesting retroactive application of recent enactment of LSA-

R.S. 14:67.10(2). This motion was denied on July 9, 2008 by the trial court. (See Exhibit B) Petitioner argued in this motion that she qualified to be resentenced as a misdemeanor offender pursuant to the August 15, 2006 change that made LSA-R.S. 14:67.10(2) a misdemeanor. Petitioner further argued that the 2006 change to the theft law should be applied retroactively to her case because at the time the law was changed, her direct appeal was still pending.

In *State v. Dick,* **No. 06-KP-2223 (La,1/26/07),** Wesley Dick was found guilty in St. Tammany Parish of distributing heroin in May 1999 and sentenced to life in prison. On July 6, 2006, Dick filed a combined Motion to Correct Illegal Sentence/Motion Requesting Retroactivity Application of Recent Enactment of LSA-R.S. 15:308. The trial court granted the motion, vacated his life sentence, and resentenced Dick to ten (10) years with credit for time served. He was ordered released from custody. The State filed a motion to correct an illegal sentence opposing the ruling, which the trial court denied. The State appealed. The First Circuit Court of Appeal reversed the district court's ruling and reinstated Dick's original life sentence. Dick appealed to the Louisiana Supreme Court.

In *State v. Smith*, **No. 06-KK-2226 (La. 1/26/07),** Melvin Smith was convicted of possession with the intent to distribute heroin in Orleans Parish in June 1997 and was sentenced to life. On August 10, 2006, Smith filed a Motion to Correct Illegal Sentence/Motion Requesting Retroactivity Application of Recent

Enactment of LSA-R.S. 15:308. The trial court granted the motion, vacated the previous sentence, and resentenced Smith to twenty-eight (28) years with credit for time served. Orleans Parish prosecutors asked the Fourth Circuit Court of Appeal to review Smith's case but they affirmed the trial court's ruling. ***Dick*** and ***Smith's*** cases were consolidated in order to resolve the split among the circuits. The majority found that the legislature did not intend for those affected by the 2006 law to seek resentencing in the courts after their sentence had become final. Unlike Wesley Dick and Melvin Smith's cases, Petitioner's conviction and sentence were not yet final due to the Fifth Circuit Court of Appeal's failure to rule on her pro se supplemental brief. (03-KA-0416) Therefore, Act 143 of 2006 that amended and reenacted LSA-R.S. 14:67.10(2) should be applied retroactively to Petitioner's case.

On August 1, 2008, Petitioner's Motion to Correct Illegal Sentence/Motion Requesting Retroactivity Application of Recent Enactment of LSA-R.S. 14:67.10(2) was filed into the Fifth Circuit Court of Appeal, docket number 08-KH-639. (See Exhibit O) On March 18, 2009, the Fifth Circuit vacated and set aside the district court's July 9, 2008 ruling. (See Exhibit O, pg. 5 &6) Even after this ruling, Petitioner remains incarcerated and bound with the illegal twenty (20) year sentence. Petitioner then filed her motion in the Louisiana Supreme Court but they denied review on August 18, 2010. (See Exhibit AA)

In addition, the fundamental miscarriage of justice element also exists with this claim because Petitioner is still serving a twenty (20) year sentence for a misdemeanor offense due to an unconstitutional law, LSA-R.S. 14:67.10(2).

Petitioner asserts that there is no factual basis for her conviction as a felony offender, it follows inexorably that respondent has been denied due process of law. *Thompson v. Louisville,* 362 U.S. 199, 80 S.Ct. 624, 4 L.Ed 654 (1960); *Jackson v. Virginia*, 443 U.S. 307, 99, S.Ct. 2781, 61 L. Ed. 2d 560 (1979). And because this constitutional error clearly and concededly resulted in the imposition of an unauthorized sentence, it also follows that respondent is a "victim of a miscarriage of justice, "*Wainwright v. Sykes*, 433 U.S. 72, 91, 97 S.Ct. 2497, 53 L.Ed. 2d 594 (1977), entitled to immediate and unconditional release.

Furthermore, in the opinion that first adopted the cause and prejudice standard, the Court explained its purpose as providing "an adequate guarantee" that a procedural default would "not prevent a federal habeas court from adjudicating for the first time the federal constitutional claim of a defendant who in the absence of such an adjudication will be the victim of a miscarriage of justice." The Court has since held that in cases in which the cause and prejudice standard is inadequate to protect against fundamental miscarriages of justice, the cause and prejudice requirement "must yield to the imperative of correcting a fundamentally unjust

incarceration." ***Engle v. Isaac,*** 456 U.S. 107, 135, 102 S.Ct. 1558, 71 L.Ed.2d 783 (1982).

In conclusion, Petitioner emphasizes that she has been wronged. When the theft law changed, her direct appeal was pending which made her eligible for retroactive application of the theft statute. No procedural default should be able to bar this Honorable Court from granting Petitioner's Writ of Habeas Corpus. After all, Habeas Corpus is, and has for centuries been, a bulwark against convictions and sentences that violate fundamental fairness. Fundamental fairness should dictate the outcome of this unusually simple case.

Petitioner has proven that the State court ruling was based on an unreasonable determination of the facts and that the state court ruling was contrary to and involved an unreasonable application of federal law. Petitioner's claim has merit.

**Claim No. 2: The District Court erroneously sentenced Petitioner as a fourth offender based on a conviction that was pending on appeal, therefore not final, greatly increasing the number of years she is required to serve.**

Petitioner's second claim is not procedurally defaulted nor barred from federal habeas review. The deficiencies Petitioner raised as to her multiple offender sentence was not raised in a post-conviction relief, La. C.Cr. P. 930.3, but in a motion to correct illegal sentence as pursuant to LSA-C.Cr.P. Art. 882, which states, *"an illegal sentence may be corrected at any time."*

On habeas review, a federal court is at liberty to review a question of federal law if the decision of that state court does not rest upon a state ground that is both independent of the merits of the federal claim and adequate to support that judgment. *Amos v. Scott*, 61 F. 3d 333, 338 (5th Cir. 1995), cert. denied, 516 U.S. 1005, 116 S.Ct. 557, 133 L.Ed. 2d 458 (1995), citing *Harris v. Reed*, 489 U.S. 255, 262, 109 S.Ct. 1038, 103 L.Ed. 2d 308 (1989).

In order to fulfill the independence requirement, the last state court rendering a judgment in the case must "clearly and expressly" indicate that its judgment is independent of federal law and rests on a state procedural bar. *Amos*, 61 F.3d at 338; *Harris*, 489 U.S. at 263. In denying Petitioner's motion to correct illegal sentence, the Louisiana Supreme Court did not deny on procedural grounds. Instead, the Louisiana Supreme Court denied Petitioner's Motion to correct illegal sentence, stating La.C.Cr.P Art. 930.8; *State ex rel. Glover v. State*, 93-2330 (La. 9/5/95), 660 So. 2d 1189; *State v. Parker*, 98-0256 (La. 5/8/98), 711 So. 2d 694; La. C.Cr.P Art. 930.3 and *State ex rel Melinie v. State*, 93-1380 (La. 1/12/96), 665 So.2d 1172. The Louisiana Supreme Court's reasoned opinion on the claim does not explicitly impose a procedural default. In fact, *State ex rel. Melinie v. State* is not a procedural bar at all. Therefore, the State's judgment is not independent of federal law. Moreover, the State alleged procedural rule must also be adequate. The State alleged procedural rule is not adequate because it is not one that state

courts strictly or regularly follows, nor is it one that is applied evenhandedly. This is proven in the way the Louisiana Supreme Court responded in *State ex rel Gregory Foucha v. Orleans Criminal District Court*, 642 So. 2d 1274. Petitioner stresses again, that La.C.Cr.P. Art. 930.3 and La.C.Cr.P. Art. 930.8 are not adequate to deny a motion to correct illegal sentence. Therefore, federal review of Petitioner's second claim is not barred. Moreover, any bar to the granting of Petitioner's federal writ should be excused when Petitioner shows cause for the procedural default and actual prejudice. See *Coleman v. Thompson*, 111 S.Ct. 2546, 2553-54 (1991).

The alleged procedural default should be excused because Petitioner's counsel was ineffective and because Petitioner is actually innocent of habitual offender charges. Failure to review Petitioner's claim will prolong this fundamental miscarriage of justice. Actual innocence exception applies in noncapital sentencing context when error is related to finding of predicate act forming the basis for enhancement, and *Mikalajunas, supra* (actual innocence exception applies in noncapital sentencing context where error relates to a recidivist enhancement). See *United States v. Haley,* 541 U.S. 386, 124 S.Ct. (1847).

Petitioner is actually innocent of the habitual offender charges because the trial court erred when it allowed the state to use Petitioner's 1995 conviction in case number 373-779 to enhance her sentence from two (2) to twenty (20) years.

Petitioner's appeal in case number 00-KO-1252 was pending in the Supreme Court of Louisiana at the time she committed the theft of goods offense on February 8, 2001. (See Exhibits Q & R) For this reason, Petitioner's conviction in case number 373-779 could not be used to sentence her as a fourth offender. The 24th Judicial District Court denied Petitioner's motion to correct illegal sentence on December 4, 2007. (See Exhibit P) The Fifth Circuit Court of Appeal denied Petitioner's motion on January 14, 2008. (See Exhibit S) On November 14, 2008, the Louisiana Supreme Court denied Petitioner's writ application stating that she did not point to an illegal term in her sentence as well as for timeliness as pursuant to LSA-C.Cr.P. Art. 930.8. (See Exhibit T) Petitioner stresses that she did not file an application for post-conviction relief as pursuant to LSA-C.Cr.P. Art.930.8, yet she did file a motion to correct illegal sentence as pursuant to LSA-C.Cr.P. Art. 882, which can be filed at any time. Moreover, in *State ex rel. Gregory Foucha v. Orleans Criminal District Court*, 642 So.2d 1274, Foucha applied for a supervisory writ after the district court denied his motion to correct illegal sentence as untimely because the timeliness provisions of C.Cr.P. Art. 930.8(A). The Louisiana Supreme Court remanded Foucha's case back to the district court stating

that the timeliness provisions of LSA-C.Cr.P. Art.930.8(A) do not apply to motions to correct illegal sentences made under LSA-C.Cr.P. Art. 882, which states that illegal sentences "may be corrected at any time." Foucha argued that the original sentencing judge erroneously sentenced him as a third offender when he qualified only as a second offender. Petitioner Oliver argued that the district court judge erroneously sentenced her as a fourth offender when she qualified only as a third offender. Both Oliver and Foucha argued the exact same thing in their motions. Yet, the Louisiana Supreme Court granted Foucha and denied Petitioner Oliver.

Petitioner is presently serving a twenty year sentence that is supposed to be in accordance with LSA-R.S. 15:529.1. (See Exhibit U) However, Petitioner's sentence is not supported by the above mentioned statute. LSA-R.S. 15:529.1 does not allow the state to use a prior conviction that is still pending on appeal and not yet final to find a defendant guilty of being a fourth offender. The twenty year sentence Petitioner is serving is illegal because it does not rest on a valid statute, LSA C.Cr.P. 872. Since the illegal twenty year sentence that Petitioner is serving does not rest on a valid statute, this illegality has caused her to be stripped of her Fifth Amendment right which is guaranteed under the United States Constitution. Petitioner has been deprived of life and liberty without due process of law.

Petitioner asserts that there is no factual basis for her habitual offender charges, it follows inexorably that respondent has been denied due process of law. *Thompson v. Louisville,* 362 U.S. 199, 80 S.Ct. 624, 4 L.Ed 654 (1960); *Jackson v. Virginia*, 443 U.S. 307, 99, S.Ct. 2781, 61 L. Ed. 2d 560 (1979). And because this constitutional error clearly and concededly resulted in the imposition of an unauthorized sentence, it also follows that respondent is a "victim of a miscarriage of justice, "*Wainwright v. Sykes,* 433 U.S. 72, 91, 97 S.Ct. 2497, 53 L.Ed. 2d 594 (1977), entitled to immediate and unconditional release.

Furthermore, in the opinion that first adopted the cause and prejudice standard, the Court explained its purpose as providing "an adequate guarantee" that a procedural default would "not prevent a federal habeas court from adjudicating for the first time the federal constitutional claim of a defendant who in the absence of such an adjudication will be the victim of a miscarriage of justice." The Court has since held that in cases in which the cause and prejudice standard is inadequate to protect against fundamental miscarriages of justice, the cause and prejudice requirement "must yield to the imperative of correcting a fundamentally unjust incarceration." *Engle v. Isaac,* 456 U.S. 107, 135, 102 S.Ct. 1558, 71 L.Ed.2d 783 (1982).

In addition, the fundamental miscarriage of justice element also exists in Petitioner's claim because when the state violated Petitioner's Fifth Amendment

right by depriving her of life and liberty without due process of law, it resulted in her being found guilty as a fourth offender, when she is actually innocent.

In conclusion, Petitioner emphasizes that she has been wronged. When this crime was committed, Petitioner's third conviction was still pending on appeal which made her ineligible to be charged as a fourth offender. No procedural default should be able to bar this Honorable Court from granting Petitioner's Writ of Habeas Corpus. After all, Habeas Corpus is, and has for centuries been, a bulwark against convictions and sentences that violate fundamental fairness. Fundamental fairness should dictate the outcome of this unusually simple case.

**Claim No. 3: The District Court erroneously sentenced Petitioner as a fourth offender based on same documentary evidence and conviction that was used previously to sentence her as a second offender.**

Petitioner's third claim is not procedurally defaulted nor is it barred from federal habeas review. The deficiencies Petitioner raised as to her multiple bill sentence were raised in a motion to correct illegal sentence as pursuant to LSA C.Cr.P. Art. 882, which states, "*an illegal sentence may be corrected at any time.*" Petitioner is aware that Louisiana law prohibits raising any sentencing related claims on post-conviction relief, this is why she raised this sentencing error in a motion to correct illegal sentence. The Louisiana Supreme Court erroneously denied Petitioner's motion to correct illegal sentence as to ground three on procedural grounds, as well as timeliness pursuant to LSA C.Cr.P. Art. 930.8.

Petitioner emphasizes that she did not file a post-conviction relief but a motion to correct illegal sentence as pursuant to LSA C.Cr.P. Art.882. (See Exhibit V)

On habeas review, a federal court will review a question of federal law if the decision of that state court does not rest on a state ground that is both independent of the merits of the federal claim and adequate to support that judgment. *Amos v. Scott,* 61 F. 3d 333, 338 (5th Cir. 1995), cert. denied, 516 U.S. 1005, 116 S.Ct. 557, 133 L.Ed. 2d 458 (1995), citing *Harris v. Reed,* 489 U.S. 255, 262, 109 S.Ct. 1038, 103 L.Ed. 308 (1989).

In order to fulfill the independence requirement, the last state court rendering a judgment in the case must clearly and expressly indicate that its judgment is independent of federal law and rests on a state procedural bar. *Amos,* 61 F. 3d at 338; *Harris,* 489 U.S. at 263. In denying the Petitioner's motion to correct illegal sentence, the Louisiana Supreme Court used procedural grounds that do not exist under LSA C.Cr.P. Art. 882. The following are the reasons the Louisiana Supreme Court gave for denying Petitioner: LSA C.Cr.P. Art.930.8; *State ex rel. Glover v. State,* 93-2330 (La. 9/5/95), 660 So. 2d 1189; *State v. Parker,* 98-0256 (La. 5/8/98), 711 So. 2d 694; LSA C.Cr.P. Art.930.3; *State ex rel. Melinie v. State,* 93-1380 (La. 1/12/96), 665 So. 2d 1172. Petitioner did not file a post-conviction relief but she did file a motion to correct illegal sentence. According to LSA C.Cr.P. Art. 872, a legal sentence must rest on a valid statute.

Petitioner's sentence does not rest on a valid statute because La. R.S. 15:529.1 does not allow the state to use an offense that was previously used to sentence Petitioner as a second offender again to enhance her sentence as a fourth offender. Furthermore, Petitioner's sentence is illegal because it does not rest on a valid statute and as a result, it has caused the Petitioner to be stripped of her Fifth Amendment right to due process which she is guaranteed under the United States Constitution. Therefore, the question of federal law does not rest on a state ground that is independent of federal law. Moreover, the state procedural rule must also be adequate. The respondent's argument against claim three fails to meet the adequate requirement because the state courts application of LSA C.Cr.P. Art. 882 has not been strictly or regularly followed nor has it been evenhandedly applied. In **State ex re. Gregory Foucha v. Orleans Criminal District Court**, 642 So. 2d 1274, **Foucha** applied for a supervisory writ after the district court denied his motion to correct illegal sentence as untimely because the timeliness provisions of C.Cr.P. Art. 930.8(A). The Louisiana Supreme Court remanded Foucha's case back to the district court stating that the timeliness provisions of C.Cr.P. Art. 930.8(A) do not apply to motions to correct illegal sentences made under C.Cr.P. Art. 882, which states that illegal sentences "may be corrected at any time." Foucha argued that the original sentencing judge erroneously sentenced him as a third offender when he qualified only as a second offender. Petitioner Oliver argued that the district court

judge erroneously sentenced her as a fourth offender when she qualified only as a third offender. Both Oliver and Foucha argued the exact same thing in their motions. Again, Judge Johnson, who is now the chief justice, disagreed with the majority. She agreed that Petitioner did, in fact, point to an illegal term in her sentence and stated that she would have granted Petitioners writ. (See Exhibit W)

Moreover, Petitioner asserts any procedural default should be excused because her counsel was ineffective and because she is actually innocent of being sentenced as a fourth felony offender to twenty (20) years. Actual innocence exception applies in noncapital sentencing context when error is related to finding of predicate act forming the basis for enhancement, and *Mikalajunas, supra* (actual innocence exception applies in noncapital sentencing context where error relates to a recidivist enhancement). See *United States v. Haley*, 541 U.S. 386, 124 S.Ct. 1847.

It is stated in the multiple bill of information that was filed on August 22, 2001 that Petitioner is sentenced pursuant to LSA-R.S.15:529.1 (See Exhibit U); however, this is not so because LSA-R.S.15:529.1 does not permit a conviction that was previously used in accordance with LSA-R.S.15:529.1 (See Exhibit X) to be used again to sentence Petitioner as a fourth felony offender. This makes Petitioner's sentence illegal because it does not rest on a valid statute as pursuant to LSA-C.Cr.P. Art. 872.

LSA-C.Cr.P. Art. 872-Basis for a valid sentence.

A valid sentence must rest upon a valid and sufficient:

1. Statute;

2. Indictment; and

3. Verdict, judgment, or plea of guilty

The Supreme Court of Louisiana ruled in State ex rel Gregory Foucha v. Orleans Criminal District Court, 642 So.2d. 1274, that relator's claim (supported by the multiple bill filed in the record) that the original sentencing judge erroneously sentenced relator as a  third offender when he qualified only as a second offender, is properly argued in a motion to correct illegal sentence pursuant to LSA-C.Cr.P. Art. 882.

The State illegally used Petitioner's January 5, 1994 Theft of Goods conviction to classify her as a fourth felony offender and asked the District Court Judge to sentence her in accordance with LSA-R.S. 15:529.1. The State had no legal ground to use Petitioner's January 5, 1994 conviction because Jeannette Flippen Ward, Assistant District Attorney of Orleans Parish, had already used Petitioner's January 5, 1994 Theft of Goods conviction to sentence her in conformity with LSA-R.S. 15:529.1 on June 1, 1998. (See Exhibit X)

LSA-R.S. 15:529.1 does not allow a person to be sentenced more than once by using the same prior convictions over and over again. Moreover, the Supreme

Court of Louisiana, along with several other courts, has ruled that such is not allowed.

The Supreme Court ruled in *State v. Sanders*, 337 So.2d 1131, that since firearms statute, which makes it a crime for a convicted felon to carry a concealed weapon, contains its own enhanced penalty provision, it was not the intent of the legislature to intend further enhancement by use of the multiple offender statute; hence, the State may not multiple bill a person which is convicted under the firearm statute by using, in a bill under the habitual offender statute, the same felony convictions alleged as elements of the firearms offense. LSA R.S. 14:95, 14:95.1, 15:529.1.

The Supreme Court of Louisiana ruled in William L Cox, 344 So.2d 1024, that where defendant's conviction of simple escape had been enhanced by virtue of defendant's prior felony conviction, so that such escape conviction as characterized as felony, requiring consecutive sentences, State could not thereafter again escalate "PENALTY" for escape by employing defendant's escape conviction in seeking to have defendant declared a habitual offender. LSA-R.S.14:110, subd. A, 15:529.1.

The Supreme Court of Louisiana ruled in *State v. Denis,* **692 So.2d 1055**, that the state could, in single prosecution, adjudicate him as a fourth offender in subsequent proceeding based on conviction and documentary evidence not used previously to determine multiple offender status.

In Petitioner's case, the State used the same documentary evidence on October 3, 2001 that was previously used on June 1, 1998.

On June 1, 1998, the State submitted three exhibits at Petitioner's multiple bill hearing. Exhibit 2 was the June 5, 1993 arrest register with a set of fingerprints on back. (See Exhibit Y, pg. 2, lines 5-13) This arrest register was in connection with the theft of goods conviction on January 5, 1994. As a result, Petitioner was sentenced as a second offender pursuant to LSA-R.S.15:529.1.

On October 3, 2001, the State submitted four exhibits at Petitioner's multiple bill hearing. Exhibit 3 was the June 5, 1993 arrest register with a set of fingerprints on back. (See Exhibit Z, pg. 2, lines 10-19). This arrest register was in connection with the theft of goods conviction on January 5, 1994. As a result, Petitioner was sentenced as a fourth offender, supposedly pursuant to LSA-R.S.15:529.1. This makes Petitioner's sentence illegal because it is based on the same documentary evidence that was used in the June 1, 1998 multiple bill hearing.

The Fifth Circuit Court of Appeal ruled in *State v. Bailey,* 703 So.2d 1325, that the bill of information in defendant's 1992 firearm conviction (admitted as State's Exhibit Five at the multiple bill hearing) shows that the 1984 cocaine conviction was used as the underlying felony to support the firearm charge. If a felon in possession of a firearm conviction is used to enhance a subsequent

conviction, the underlying felony used as an element of the firearm conviction may not be used in the multiple bill, as this constitutes double enhancement.

The Fifth Circuit Court of Appeal ruled in *State v. Davis,* 829 So.2d 554, that defendant's second prior theft conviction could not be used both to enhance sentence for third conviction and to find defendant a habitual offender for fourth conviction. LSA-R.S. 14:67.10, subd. B(3).

The First Circuit Court of Appeal ruled in *State v. Harrelson*, 590 So.2d 1240, that penalty for second offense obscenity could not be further enhanced by using first obscenity conviction as predicate for status as third felony offender; penalty for second offense obscenity was already enhanced LSA-R.S.14:106, subd. G, G (3),15:529.1.

The One Hundred and Seventy-Fifth JDC of Texas ruled in *State v. Felix v. Carvajal,* 529 S.W.2d 517, that it was error for the district court to use same two prior felony convictions of defendant to enhance his punishment more than once.

Moreover, Leonard Davis was also convicted in the 24th Judicial District Court, Parish of Jefferson, No. 01-1028, Division "P", Melvin C. Zeno, J., of Theft of Goods valued between $100 and $500, and was sentenced as a habitual offender. The Fifth Circuit Court of Appeal ordered Judge Melvin C. Zeno to resentence Davis because he was illegally sentenced as a fourth felony offender, because his second prior theft conviction **could not** be used both to enhance

sentence for third conviction and to find Davis a habitual offender for fourth conviction.

Petitioner asserts that there is no factual basis for her habitual offender charges, it follows inexorably that she has been denied due process of law. *Thompson v. Louisville*, 362 U.S. 199, 80 S.Ct. 624, 4 L.Ed 654 (1960); *Jackson v. Virginia*, 443 U.S. 307, 99, S.Ct. 2781, 61 L. Ed. 2d 560 (1979). And because this constitutional error clearly and concededly resulted in the imposition of an unauthorized sentence, it also follows that respondent is a "victim of a miscarriage of justice, "*Wainwright v. Sykes*, 433 U.S. 72, 91, 97 S.Ct. 2497, 53 L.Ed. 2d 594 (1977), entitled to immediate and unconditional release.

Furthermore, in the opinion that first adopted the cause and prejudice standard, the Court explained its purpose as providing "an adequate guarantee" that a procedural default would "not prevent a federal habeas court from adjudicating for the first time the federal constitutional claim of a defendant who in the absence of such an adjudication will be the victim of a miscarriage of justice." The Court has since held that in cases in which the cause and prejudice standard is inadequate to protect against fundamental miscarriages of justice, the cause and prejudice requirement "must yield to the imperative of correcting a fundamentally unjust incarceration." *Engle v. Isaac*, 456 U.S. 107, 135, 102 S.Ct. 1558, 71 L.Ed.2d 783 (1982).

Petitioner Rhonda K. Oliver has proven that she is actually innocent of the habitual offender charges and that her counsel was ineffective.

Moreover, Michael Wayne Haley, a state prisoner, petitioned for habeas relief, alleging that evidence was insufficient to support his habitual offender conviction, and that his counsel was ineffective. The United States District Court for the Eastern District of Texas, T. John Ward, J., excused procedural default and granted petition. State appealed. The United States Court of Appeals for the Fifth Circuit, 306 F.3d 257, affirmed. Certiorari was granted. The Supreme Court of the United States remanded the case stating that Federal habeas court faced with allegations of actual innocence, whether of the sentence or of the crime charged, must first address all non-defaulted claims for comparable relief and other grounds for cause to excuse the procedural default. The court conceded that respondent had a viable and significant ineffective assistance of counsel claim. Success on the merits would give respondent all of the relief that he seeks, i.e., resentencing, and also would provide cause to excuse the procedural default of his sufficiency of the evidence claim. 541 U.S. 386, 124 S.Ct. 1847.

Petitioner's case is very similar to Michael Wayne Haley's case; therefore, she prays that cause is excused in her case just as it was in Haley's case.

In addition, the fundamental miscarriage of justice element also exists in Petitioner's case because when the state violated Petitioner's Fifth Amendment

right by depriving her of life and liberty without due process of law, it resulted in her being found guilty as a fourth offender when she is actually innocent.

In conclusion, Petitioner emphasizes that she has been wronged. The State used Petitioner's prior conviction and same documentary evidence to sentence her as a fourth felony offender in this case that was previously used in another case to sentence her as a second offender. No procedural default should be able to bar this Honorable Court from granting Petitioner's Writ of Habeas Corpus. After all, Habeas Corpus is, and has for centuries been, a bulwark against convictions and sentences that violate fundamental fairness. Fundamental fairness should dictate the outcome of this unusually simple case.

**Claim No. 4: The District Court erred by allowing evidence that was obtained during an unconstitutional search and seizure to be admitted before the jury throughout Petitioner's entire trial.**

Petitioner asserts that her conviction was obtained through the use of evidence seized pursuant to an unconstitutional search and seizure. Petitioner should be granted federal habeas corpus relief because the state has not provided an opportunity for full and fair litigation of this Fourth Amendment issue. At Petitioner's trial, there were facts in dispute that required consideration by the fact finding court. There was a dispute as to when the police officer arrived at the store. There was a dispute as to when the police officer searched Petitioner's car. There

was a dispute as to what was seized from Petitioner's car. There was a dispute as to when the police officer's supervisor arrived at the store. There was a dispute as to what was actually in Petitioner's car. There was a dispute as to when Petitioner handed over her car keys. There was a dispute as to when Petitioner signed the consent form. As an attempt to settle the disputes, the district court judge ordered that an evidentiary hearing be conducted. (Exhibit BB, pg. 3) However, due to the police officer's absence during the hearing, the disputes were still not settled even after the evidentiary hearing. The district court judge found that the constitutionality of the search had not been established. In fact, the constitutionality of the search could not be established without the police officer's testimony. Since only the issues which were addressed during trial are to be argued on appeal, the police officer's failure to appear at her trial prevented some issues from being resolved. The police officer was unavailable to answer valid questions of violations of Petitioner's constitutional rights, her defense attorney failed to object to his absence, which would have preserved her right to address this violation on appeal. Petitioner was deprived of the availability of meaningful appellate review by a higher court. Petitioner has proven that she was denied a full and fair hearing in state court; therefore, her request for federal habeas relief based upon a Fourth Amendment violation is not precluded.

Moreover, at the time Petitioner signed the consent form, her car had already been searched by the police officer about two hours prior which made the consent invalid. In *U.S. v Haynes,* 301 F. 3d 669, 680-84 (6th Cir. 2003), the United States Supreme Court ruled that consent to search car invalid because first search was illegal; in *U.S. v. Jerez*, 108 F. 3d 684, 694-95 (7th Cir. 1997), the United States Supreme Court ruled that consent invalid because given almost immediately after illegal seizure and causal chain was not broken by intervening event.

Petitioner wrote a letter to Sheriff Harry Lee on April 26, 2006. In this letter, Petitioner requested a copy of the Jefferson Parish Sheriff's Office consent form (See Exhibit CC). Petitioner's letter was mailed back to her in an envelope postmarked May 4, 2006. (See Exhibit DD) On the bottom left hand side of Petitioner's letter, someone wrote "Consent to search form is not public record." (See Exhibit CC) Petitioner has not been successful at obtaining a copy of the consent to search form.

The Petitioner contends that she was denied a full and fair opportunity to litigate her Fourth Amendment issue. This is due to the police officer's failure to appear at Petitioner's trial. Although Petitioner had a hearing, she stresses again that the disputes were not settled. The District Court Judge ruled that the items in Petitioner's car could not be admitted before the jury. This ruling came after the jury had already heard testimony about the juicer that was in Petitioner's car

throughout the entire trial. Even after the court's ruling, the juicer that was seized from Petitioner's car still was admitted before the jury. (See Exhibit BB, pg. 11) In all actuality, there is no question that two of the juicers were paid for. (Exhibit BB, pg. 4) When Petitioner was stopped, she had in her possession two juicers and a receipt for two juicers. At Petitioner's trial, there should have only been mention of the first or second juicer, because she only had two. Petitioner's trial should have only revolved around the two juicers she possessed at the time she was stopped by Walter Dominique. The juicer related to as third juicer, other juicer, and juicer in the car (Exhibit BB, pg. 11) should have never been allowed before the jury because it was one of the items seized during the unlawful search. Petitioner further emphasizes that the two juicers should have only been related to as first or second juicer. The very mention of a third juicer is connected directly to the unconstitutional search and seizure.

Petitioner asserts that any procedural default should be excused due to her trial counsel's ineffectiveness and because the reasons she stated as to this ground proves she is actually innocent. Petitioner's trial counsel was ineffective for allowing testimony to be admitted before the jury regarding third juicer, other juicer, and juicer in the car. Trial counsel was also ineffective for failing to ask the court to subpoena the police officers and for mentioning during his opening statement that Petitioner had a juicer in her car and then later arguing that the items

in the car could not be admitted before the jury, after he had already mentioned it to them. Petitioner's counsel was also ineffective for filing a motion to suppress evidence that was never heard or ruled on by the court. The trial judge was also in error for allowing trial to proceed even after Petitioner's counsel stated during trial that the court failed to hear the motion to suppress. (See Exhibit BB, pg. 7 of 11) Petitioner's trial counsel's reason for not objecting was not a strategy, rather it was mere ineffectiveness.

Petitioner has proven that the State did not provide Petitioner with the opportunity to litigate her Fourth Amendment claim fully and fairly due to their deliberate failure to subpoena the police officers to testify.

Petitioner respectfully reserves the right to submit additional argument on the merits should this Honorable Court deem necessary upon review.

Petitioner asserts that she has proven that her claims have merit and failure by this court to grant her habeas corpus relief will add to this fundamental miscarriage of justice.

## CLAIM #5 Petitioner's conviction and sentence are a result of ineffective assistance of counsel.

The Honorable Alma L. Chasez, United States Magistrate Judge, has given the respondent on or before February 22, 2013 to file a supplemental response as to

claim number five (5). Petitioner is prepared to file law and argument in support of claim five (5) after the respondent's response is filed with this court.

## CONCLUSION

For the foregoing, reasons Petitioner maintains that the claims set forth in this petition are sufficient to warrant vacating her sentence or at the very least, an evidentiary hearing.   Once her claims are established, Ms. Oliver urges that this Honorable Court grant her application for Habeas Corpus.

**WHEREFORE**, Petitioner respectfully moves that this Court enter an order as follows:

Granting such relief as justice may require, including but not limited to: vacating her sentence and remanding it to the trial court for resentencing, or lacking that, granting Petitioner an evidentiary hearing in the judicial district court as provided by law in order to resolve the questions of fact described herein.

This the 25th day of January, 2013.

Respectfully submitted,

Rhonda K. Oliver # 314600
Louisiana Correctional
Institute for Women
Post Office Box 26
Saint Gabriel, Louisiana 70776

33