U. S. DISTRICT COURT
Eastern District of Louisiana

## UNITED STATES DISTRICT COURT

FILED   MAR - 4 2013 ω

## FOR THE EASTERN DISTRICT OF LOUISIANA   LORETTA G. WHYTE
Clerk

## NEW ORLEANS DIVISION

| | |
|---|---|
| **RHONDA K. OLIVER** | **CIVIL ACTION** |
| **VERSUS** | **NO. 12-2159** |
| **JAMES ROGERS, WARDEN** | **SECTION "I" (5)** |

---

## MEMORANDUM IN SUPPORT OF
## WRIT OF HABEAS CORPUS

---

**NOW INTO THIS HONORABLE COURT COMES** Rhonda K. Oliver, pro se, who hereby submits this supplement to her petition for a Writ of Habeas Corpus under **28 U.S.C. § 2254** on the ground as set forth in more detail below, that she is in the custody of the State of Louisiana, pursuant to a conviction for theft of goods in which she was subsequently sentenced to twenty (20) years hard labor, in violation of the Constitution and laws of the United States.

### JURISDICTION

Jurisdiction in this cause is invoked pursuant to **28 U.S.C. § 2254**, vesting this Court with the authority to review this Petition for Writ of Habeas Corpus.

TENDERED FOR FILING

MAR - 4 2013

U.S. DISTRICT COURT
Eastern District of Louisiana
Deputy Clerk

| | |
|---|---|
| ___ Fee ___ | |
| ___ Process ___ | |
| _X_ Dktd ___ | |
| _X_ CtRmDep ___ | |
| Doc. No. ___ | |

## STANDARD OF REVIEW

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") comprehensively revised federal habeas corpus proceedings under 28 U.S.C. § 2254. AEDPA went into effect on April 24, 1996; therefore, applies to the instance petition for writ of habeas corpus.

## LAW AND ARGUMENT

**Claim No. 5: Petitioner Oliver was denied her right to effective and adequate assistance of counsel at trial as guaranteed by the 6th and 14th Amendments of the United States Constitution and guaranteed by Article 1 Section 13 of the 1974 Louisiana Constitution.**

Petitioner's fifth claim is not procedurally defaulted nor barred from federal habeas review. The errors that Petitioner's trial counsel made were not trial strategy nor were they tactical decisions. Petitioner's claim of ineffective assistance of counsel is not just bare allegations. Unlike most cases, a detailed and specific affidavit showing proof of this claim is not necessary. In this very simple case, the record alone is actual proof and it goes beyond mere unsupported assertions.

An accused's Sixth Amendment right to the assistance of counsel is one of the most fundamental components of our criminal justice system. Through legal representation, the defendant's other pretrial and trial rights are secured. *United States v. Cronic,* 466 U.S. 648, 104 S. Ct. 2039, 80 L.Ed.2d 657 (1984); *Gideon v. Wainright*, 372 U.S. 335, 83 S. Ct. 792, 9 L.Ed. 799 (1963).

The right to counsel means the right to the effective assistance of counsel. *McMann v. Richardson*, 397 U.S. 759, 90 S. Ct. 1441, 25 L.Ed.2d 763 (1970).

### FAILURE TO INVESTIGATE-CONVICTION NOT FINAL

The record reflects that Petitioner's appeal in case number 00-KO-1252 was pending in the Supreme Court of Louisiana at the time she committed the theft of goods offense on February 8, 2001. (See Exhibits Q & R) If Petitioner's counsel would have properly acted out his role as an advocate and asked the pertinent questions to elicit information, he would have been aware of her pending appeal. Petitioner was facing twenty (20) years to life imprisonment. Despite this fact, Petitioner's trial counsel failed to investigate. It is clear that he did not investigate because if he would have, he would have been aware that case number 00-KO-1252 was pending on appeal at the time Petitioner committed the theft of goods offense. Petitioner's trial counsel would have also been aware of the following facts which shows that a conviction pending on appeal cannot be used to enhance a sentence in a multiple bill proceeding.

The Supreme Court of Louisiana ruled in ***James R. Townley v. Department of Public Safety and Corrections*** that Townley's 1988 convictions of simple burglary and criminal damage to property were not final at the time he **committed**

3

the simple escape, and thus, could not be used to adjudicate him a third felony offender and enhance his sentence under La. R.S. 15:529.1.

The Supreme Court of Louisiana ruled in **State v. Gani**, 102 So. 318, 12-01-24 that one cannot be convicted for a second offense until he has been convicted for a first offense; former "conviction" meaning a judgment become final, either because not appealed from or because of having been affirmed on appeal, as distinguished from verdict.

We are therefore of opinion that there can be no conviction as for a second offense until there has been a conviction for a first offense, and that such former conviction means a judgment that has become final, either because not appealed from or because of having been affirmed on appeal. The evidence of such former conviction must be before the court  at least at the time when the second conviction is had.

The Fourth Circuit Court of Appeal ruled in **Sportservice Corporation v. The Dept. of Public Safety et al** (293 So.2d 530, 4th Cir. 4/9/74). The Court of Appeal, Boutall, J., held that where record showed that holder had been convicted of various offenses in federal district court in California, and that an appeal had been taken from such conviction, which **appeal was still pending**, proceedings against holder had not reached that stage of finality as to cause such proceedings to

constitute a 'conviction', within meaning of statute providing that applicants for permits shall not have been convicted of a felony under laws of the United States.

When a legal determination of guilt is made, the statutory test of the application of some non-criminal penalty, it is necessary to seek an interpretation of the word "conviction" that will ensure that this legal determination has been made with reasonable certainty and finality.

Our attention is directed to the Louisiana Code of Criminal Procedure which offers the following definition in Article 934: *Convicted means adjudicated guilty after a plea or after trial on the merits*. However, the article itself provides that the definition only applies where the context does not indicate otherwise, and it is noted that the definition was apparently established to create a definite point in time to govern the rules applying to certain procedural matters, such as bail and appellate procedures. However, the finality of a judgment of conviction when appeal is taken is provided for in C.Cr.P. Art. 922, *after the appeal is disposed of by the appellate court.* This meaning is explained by the Supreme Court of Louisiana in the case of **State v. Gani,** 157 La. 231, 102 So. 318 (1924), the rationale of which we believe to be determinative of the issue here.

*A similar result is reached under the United States Judicial system, under which the criminal proceeding arose. Unquestionably, the judgment and sentence imposed by the judge after a verdict by the jury constitutes a final judgment in*

accordance with Rule 32 of the Federal Rules of Criminal Procedure; however, the matter does not end there, for final decisions of the U.S. District Courts are appealable to the Courts of Appeal, 28 U.S.C.A. 1291. This section is supplemented by procedural rules set out in Rules 37, 38, and 39 of the Federal Rules of Criminal Procedure and Rules 3 and 4 of the Federal Rules of Appellate Procedure. Assuming the matter continues along the appellate process, relief from the District Court judgment may still be sought until after the expiration of 25 days from the judgment of the Supreme Court of the United States as set out in Rule 59 of the Supreme Court of the United States Revised Rules.

The record before us shows that an appeal has been taken from the judgment of the United States District Court, and that appeal is still pending. Therefore, we conclude that the proceedings against the appellant here have not yet reached that stage of finality to cause it to be a conviction within the meaning of the Statute here involved, and for that reason we reverse the judgment appealed from only to the extent that it revoked the two 1972-73 beer permits issued to appellant.

The Second Circuit Court of Appeal ruled in **State v. Lewis**, 564 So. 2d 765, 2nd Circuit/Bossier Parish, 6/20/90 that in applying definition of "conviction" for purposes of habitual offender statute, prior conviction must be final, either having not been appealed or having been affirmed on appeal, before subsequent offense is

**committed**, and two (2) aggravated battery convictions of defendant for which **appeal was pending** when current offense was committed could not be used as prior felony conviction to enhance sentence under habitual offender statute.

In applying definition of "conviction" for purposes of habitual offender statute, prior conviction must be final, either having not been appealed or having been affirmed on appeal, before subsequent offense is **committed**. LSA-R.S. 15:529.1.

Lewis claims that because his conviction for aggravated battery was pending on appeal at the time the present offense was committed, it could not be used as a prior felony conviction in order to enhance his sentence. This argument has merit.

LSA-R.S. 15:529.1 provides in pertinent part:

*Any person who, after having been convicted within this state of a felony, or who, after having been convicted under the laws of any other state of the United States, or any foreign government or country of a crime which, if committed in this state would be a felony, thereafter commits any subsequent felony within this state, upon conviction of said felony shall be punished as follows...*

One reason the statute provides that a defendant must have been convicted prior to the commission of the subsequent offense is to prevent the prosecution from having the power to fix the accused's status as a habitual offender. As stated in ***State v. Franklin***, 501 So.2d 881 (La. App. 5th Cir. 1987): *The reading together of*

*the provisions of LSA-R.S. 15:529.1 and LSA-C.Cr.P. Art 934(3) would seem to allow the use of "convictions" obtained by guilty plea or trial on the merits, even though not yet final on appeal, to be used as predicate offenses under the habitual offender law, LSA-R.S. 15:529.1. However, regardless of the fact that the word convicted is defined in LSA-C.Cr.P. Art 934(3), the jurisprudence has continued to apply the definition set forth in* **State v. Gani, supra.** *The determinations in* **State v. Gani, supra** *and* **Sportservice Corp. v. Department of Public Safety, supra,** *are in accordance with the rule followed in the majority of American jurisdictions. In the annotation, What Constitutes Former "Conviction Within Statute Enhancing Penalty For Second and Subsequent Offense", 5 A.L.R. 2d § 3, § 5, at 1085 and 1092, it is stated that the central idea or principle borne out by the majority of cases is that a conviction within the meaning of habitual criminal statutes, imports the element of finality. When an appeal has been taken from the trial court, and a ruling on the appeal is* **pending,** *the defendant cannot be considered as having been convicted within the meaning of the statutes imposing an enhanced penalty for the commission of a second or subsequent offense following a conviction of a prior offense.*

*In 39 Am. Jur. 2d Habitual Criminals, § 8 (1968), it is stated that to constitute a basis for enhancement of punishment based upon the commission of a second or subsequent offense, the prior conviction relied upon by the prosecution*

8

*must be a final conviction. The article cites **State v. Gani, supra**, and states that it is usually held that a judgment of conviction which is the subject of a **pending** appeal will not support enhanced penalties.*

*We conclude that in applying the definition of "conviction" to the habitual offender statute, LSA-R.S. 15:529.1, the prior conviction must be final before the subsequent offense is **committed**. As applied to the present case, the defendant's conviction for aggravated battery was **pending** on appeal at the time the defendant **committed** the present offense of armed robbery. Because the conviction for aggravated battery was not final, it could not be used as a predicate for finding the defendant to be a third felony offender. Therefore, his adjudication as such must be overturned and his sentence as such vacated. We vacate the defendant's adjudication as a third felony offender, vacate his sentence as such, and remand the case to the trial court for resentencing. We note that in **State ex rel Jackson v. Donnelly,** 486 So. 2d 729, (La. 1986), the Louisiana Supreme Court granted a writ from a multiple offender adjudication. The court cited **State v. Gani, supra,** in overturning the multiple offender adjudication and sentence because the defendant's prior conviction was not yet final when he was adjudged to be a multiple offender. The case was remanded for further proceedings. However, no facts were given and the court gave no reasoning for its decision.*

Petitioner asserts that at the time she committed the theft of goods offense on February 8, 2001, her appeal in case number 00-KO-1252 was pending on appeal in the Supreme Court of Louisiana. It is clear from the record that there was a lot of case law showing that a conviction **pending on appeal** at commission of offense could not be used to enhance Petitioner's sentence in accordance with La. R.S. 15:529.1. Petitioner has proven that her trial counsel acted ineffectively by allowing the State to use her conviction that was still **pending on appeal** as one of the predicates to enhance her sentence from two (2) to twenty (20) years. Minus this error, Petitioner would have been sentenced to no more than four (4) years. Petitioner's counsel's decision to use her prior conviction that was still **pending on appeal** when she **committed** the theft of good offense was the result of ignorance and not fulfilling his duty to investigate, not a deliberate tactic.

**DEFENSE COUNSEL FAILED TO OBJECT TO THE STATE USING PRIOR CONVICTION TWICE TO ENHANCE SENTENCE**

The record also reflects that on June 1, 1998, the State of Louisiana used Petitioner's January 5, 1994 theft of goods conviction to sentence her in conformity with LSA-R.S. 15:529.1. Subsequently, on August 22, 2001, the State of Louisiana filed a multiple bill of information, using the January 5, 1994 conviction all over again, in conformity with LSA-R.S. 15:529.1. How many times can the State of Louisiana use the same prior conviction to sentence Petitioner in

conformity with LSA-R.S. 15:529.1? This is a question Petitioner's trial counsel should have asked. Petitioner's counsel did not question this nor did he investigate this matter. If he would have he would have been aware of the following:

> The Fifth Circuit Court of Appeal ruled in **State v. Bailey,** *703 So.2d 1325, (La.App.5Cir. 11/12/97)*that the *bill of information in defendant's 1992 firearm conviction(admitted as State's Exhibit 5 at the multiple bill hearing) shows that the 1984 cocaine conviction was used as the underlying felony to support the firearm charge. If a felon in possession of a firearm conviction is used to enhance a subsequent conviction, the underlying felony used as an element of the firearm conviction may not be used in the multiple bill, as this constitutes double enhancement. This error requires that we vacate defendant's multiple bill adjudication.*

> **Barber v. State,** *628 S.W. 2d 1024,* --*Rule which prohibits using prior convictions more than once for enhancement applies only when such double use is attempted by the State under some statutory provisions.(* LSA-R.S. 15:529.1)

> The Supreme Court of Louisiana ruled in **William L. Cox,** *344 So.2d 1024, (S.Ct.of La. 4-11-77)—Where defendant's conviction of simple escape had been enhanced by virtue of defendant's prior felony conviction, so that such escape conviction was characterized as felony, requiring consecutive*

11

*sentence, State could not thereafter again escalate "PENALTY" for escape by employing defendant's escape conviction in seeking to have defendant declared an habitual offender. LSA-R.S. 14:110, subd. A, LSA-R.S. 15:529.1*

The 175th Judicial District Court ruled in ***Felix v. Carvajal,*** *529 S.W. 2d 517, (175th JDC, Texas, 11-12-75) that it was error for the district court to use same two prior felony convictions of defendant to enhance his punishment more than once.*

The Supreme Court of Louisiana ruled in ***State v. Denis,*** *682 So.2d 1055, S.Ct. of La, 4/25/97—that the state could, in single prosecution, adjudicate defendant as third offender and then adjudicate him as a fourth offender in subsequent proceedings based on conviction and documentary evidence not used previously to determine multiple offender status.*

The Supreme Court of Louisiana ruled in ***State v. Sanders,*** *337 So. 2d 1131, S. Ct. of La, 9/13/76—Since firearms statute, which makes it a crime for a convicted felon to carry a concealed weapon, contains its own enhanced penalty provision, it was not the intent of the legislature to intend further enhancement by use of the multiple offender statute; hence, the State may not multiple bill a person who is convicted under the firearm statute by using, in a bill under the habitual offender statute, the same felony*

*convictions alleged as elements of the firearms offense. LSA-R.S. 14:95, 14:95.1, 15:529.1.*

The First Circuit Court of Appeal ruled in **State v. Harrelson,** *590 So. 2d 1240, 1st Cir.Ct.of Appeal 11/22/91)that penalty for second offense obscenity could not be further enhanced by using first obscenity conviction as predicate for status as third felony offender; penalty for second offense obscenity was already enhanced.* LSA-R.S.14:106, subds. G, G(3), 15:529.1.

**All of the above information was readily available to defense counsel prior to trial.**

It is clear from the record that Petitioner's trial counsel failed to object to the State's filing of the August 22, 2001 multiple bill of information. It is also clear from the record that at the time of Petitioner's multiple bill hearing there was a lot of case law showing that a conviction used previously in accordance with LSA-R.S. 15:529.1 cannot be used again in a subsequent matter pursuant to LSA-R.S. 15:529.1. Petitioner's trial counsel's decision to allow the state to use her January 5, 1994 theft of goods conviction twice to enhance her sentence in accordance with LSA-R.S. 15:529.1 was the result of ignorance and not fulfilling his duty to investigate, not a deliberate tactic.

13

**DEFENSE COUNSEL FAILED TO SUBPOENA OFFICERS WHO CONDUCTED ILLEGAL SEARCH TO PROVE THE SEARCH WAS UNCONSTITUTIONAL**

The record will also reflect that at Petitioner's trial, the district court judge ordered that an evidentiary hearing be conducted (See Exhibit BB, pg. 3). As a result of this hearing, the Judge ruled that the constitutionality of the search had not been established. The only way the search would have been proven to be unconstitutional was through the testimony of the police officer. It is obvious that the district attorney spoke with the police officers and discovered that they searched Petitioner's car illegally; this is why he did not subpoena the officers to testify. Petitioner's defense attorney was ineffective for failing to have the officers subpoenaed and for failing to investigate.

Pretrial investigation is essential to the effective assistance of counsel. A lawyer must engage in a reasonable amount of pretrial investigation and "at a minimum…interview potential witnesses and …make an independent investigation of the facts and circumstances of the case" *Nealy v. Cabana,* 764 F. 2d 1173, 1177 (5th Cir. 1985).

In other words, counsel has a duty to make reasonable investigations or to make a reasonable decision that makes particular investigations unnecessary.

Ineffectiveness of counsel is clear if the attorney fails to investigate a plausible line of defense or interview available witnesses. These can hardly be

considered strategic choices since counsel by his failure has not obtained the facts upon which such a tactical decision could be reasonably made. *Nealy*, 764 F.2d at 1178; *Bryant, supra; Profitt v. Waldron*, 831 F.2d 1245 (5th Cir. 1987); *United States v. Gray*, 878 F.2d 702 (3rd Cir. 1989).

The police officers were essential in Petitioner's case, yet Petitioner's trial counsel did not bother to have them subpoenaed. If defense counsel would have investigated, by at least phoning the police officers, then he would have discovered that the first officer who arrived at the store searched Petitioner's car illegally, then called his supervisor to clean up his mess.

It is clear from the record that Petitioner's trial counsel's failure to have the police officers subpoenaed was the result of inadvertence and not a deliberate tactical decision.

The record clearly shows that when Petitioner was arrested on February 8, 2001, she had in her possession two juicers. The record also shows that at trial Petitioner presented a receipt showing that she had paid for two juicers on February 8, 2001 at Sears in the Clearview Shopping Mall. The district court Judge ruled that the items in Petitioner's car could not be mentioned before the jury, due to the constitutionality of the search not being proven. Even after this ruling, the juicer in the car was still mentioned before the jury as the "other juicer" and the "third juicer". Petitioner's trial counsel was ineffective for not objecting to the

testimony of "other juicer" and "third juicer". If Petitioner only had two juicers in her possession at the time of her arrest, then the very mention of a third juicer was including the one that was in Petitioner's car that was ruled not to be mentioned before the jury. The trial counsel was ineffective for allowing the testimony regarding "other juicer", "juicer in the car", and "third juicer" to be admitted before the jury throughout Petitioner's entire trial, even after the district court judge ruled that such testimony was not allowed before the jury.

Petitioner's trial counsel was ineffective for telling the jury during his opening statement that Petitioner purchased two juicers, and then placed both of them in her car. (See Exhibit EE, pgs. 1 &2) Later, Petitioner's counsel contradicted himself, arguing that Petitioner brought one of the juicers back inside the store. (See Exhibit EE, pgs. 3 & 4) It is clear from the record that counsel contradicted himself. His contradiction was not the result of some deliberate tactic, it was the result of ignorance and inadvertence.

Petitioner's trial counsel was also ineffective for filing a motion to suppress evidence that was never heard or ruled on by the court. He allowed trial to begin without said motion being addressed.

In *Murray v. Carrier,* 477 U.S. 478, 106 S.Ct. 2639, the court framed the issue before it as whether "a single act or omission by counsel, insufficient by itself to contravene the Sixth Amendment, [can] satisfy the 'cause' prong of the

16

exception to preclusive procedural default discussed in ***Wainwright?*** In answering this question, the court drew a dispositive distinction between procedural defaults resulting from deliberate tactical decisions and those resulting from ignorance or inadvertence. The court determined that only in the latter category does an attorney's error constitute cause because, whereas a tactical decision implies that counsel has, at worst, "reasonably but incorrectly exercise[d] his judgment," ignorance or oversight implies that counsel "failed to exercise it at all, in dereliction of the duty to represent her client." Thus, in order to establish cause a federal habeas petitioner need only satisfy the district court "that the failure to object or to appeal his claim was the product of his attorney's ignorance or oversight, not a deliberate tactic."

Petitioner has proven that her trial counsel was ineffective which should be cause to excuse any alleged procedural default. The Court ruled in ***Cuyler v. Sullivan***, 446 U.S. 335 that if the procedural default is the result of ineffective assistance of counsel, the Sixth Amendment itself requires that responsibility for the default be imputed to the State, which may not conduct trials at which persons who face incarceration must defend themselves without adequate legal assistance.

Petitioner asserts that procedural default should be excused because she did not have counsel when she first raised the ineffective assistance of counsel claim in her post-conviction relief application. The United States Supreme Court ruled in

*Martinez v. Ryan*, 132 S.Ct. 1309 L.Ed. 2d 272; 2012 U.S. LEXIS 2317 (3/20/12). Where, under state law, claims of ineffective assistance of trial counsel must be raised in an initial review collateral proceeding, a procedural default will not bar a federal habeas court from hearing ineffective assistance claims if, in the initial-review collateral proceeding, there was no counsel or counsel in that proceeding was ineffective.

Petitioner declares that the facts prove that she is actually innocent and that she is a victim of a fundamental miscarriage of justice. These are additional reasons the procedural default should be excused. The controlling consideration must be whether the Petitioner was denied fundamental fairness in the state court proceedings. *Post*, at 2655, n.13 (quoting *Rose v. Lundy*, 455 U.S. 509, 547, n.17, 102 S.Ct. 1198, 1218, n. 17, 71 L.Ed. 2d 379 (1982).

Moreover, it is noted in Engle, that "in appropriate cases" the principles of comity and finality that inform the concepts of cause and prejudice "must yield to the imperative of correcting a fundamentally unjust incarceration." 456 U.S. at 135, 102 S.Ct., at 1576. The court further stated that, "We remain confident that, for the most part, victims of a fundamental miscarriage of justice will meet the cause and prejudice standard. But we do not pretend that this will always be true. Accordingly, we think that in an extraordinary case, where a constitutional violation has probably resulted in the conviction of one who is actually innocent, a

federal habeas court may grant the writ even in the absence of a showing of cause for the procedural default."

It is useful to recall the historic importance of the Great Writ. "The writ of habeas corpus is the fundamental instrument for safeguarding individual freedom against arbitrary and lawless state action." *Harris v. Nelson*, 394 U.S. 286, 290-291, 89 S.Ct. 1082, 1086, 22 L.Ed. 2d 281 (1969).

In a recent exposition of the "cause and prejudice" standard, the Court again emphasized that "cause and prejudice" must be considered within an overall inquiry into justice. In *Engle v. Isaac*, 456 U.S. 107, 102, S.Ct. 1558, 71 L.Ed. 2d 783 (1982), the Court closed its opinion with the assurance that it would not allow its judge-made "cause" and "actual prejudice" standard to become so rigid that it would foreclose a claim of this kind.

## CONCLUSION

For the foregoing, reasons Petitioner maintains that the claim set forth in this petition is sufficient to warrant vacating her sentence. Once her claims are reviewed, Ms. Oliver urges that this Honorable Court grant her the immediate relief that she seeks. This claim, number five (5), is in addition to claims one (1) through four (4) that were submitted previously.

**WHEREFORE**, Petitioner respectfully moves that this Court enter an order as follows:

Granting such relief as justice may require, including but not limited to: vacating her sentence and remanding it to the trial court for resentencing..

This the _28th_ day of _February_ , 2013.

Respectfully submitted,

Rhonda K. Oliver # 314600
Louisiana Correctional
Institute for Women
Post Office Box 26
Saint Gabriel, Louisiana 70776