UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **RHONDA K. OLIVER** | **CIVIL ACTION** |
| **VERSUS** | **NO. 12-2159** |
| **JAMES ROGERS, WARDEN** | **SECTION "C"(5)** |

### REPORT AND RECOMMENDATION

This matter was referred to the undersigned United States Magistrate Judge to conduct hearings, including an evidentiary hearing if necessary, and to submit proposed findings and recommendations for disposition pursuant to 28 U.S.C. §§ 636(b)(1)(B) and (C) and, as applicable, Rule 8(b) of the Rules Governing Section 2254 Cases. Upon review of the entire record, the Court finds that a federal evidentiary hearing is unnecessary. *See* 28 U.S.C. §2254(e)(2).[1] For the following reasons, it is recommended that the Court **GRANT** the instant petition for *habeas corpus* relief, vacate the habitual offender adjudication and sentence, and remand the case to the state district court for resentencing absent the improper enhancement.

### *BACKGROUND*

Petitioner, Rhonda K. Oliver, is presently incarcerated in the Louisiana Correctional Institute for Women in St. Gabriel, Louisiana. In 2001, Oliver was charged by bill of information with the February 8, 2001 theft of a juicer from Sears valued at between $100 and

---

[1] Under 28 U.S.C. §2254(e)(2), whether to hold an evidentiary hearing is a statutorily mandated determination. Section 2254(e)(2) authorizes the district court to hold an evidentiary hearing only when the petitioner has shown either that the claim relies on a new, retroactive rule of constitutional law that was previously unavailable, 28 U.S.C. §2254(e)(2)(A)(i), or the claim relies on a factual basis that could not have been previously discovered by exercise of due diligence, 28 U.S.C. §2254(e)(2)(A)(ii); and the facts underlying the claim show by clear and convincing evidence that, but for the constitutional error, no reasonable jury would have convicted the petitioner. 28 U.S.C. §2254(e)(2)(B).

$500, in violation of Louisiana Revised Statute 14:67.10. On July 31, 2001, following trial by jury in the Twenty-Fourth Judicial District Court for the Parish of Jefferson, Oliver was found guilty as charged. On August 22, 2001, Oliver was sentenced to two years imprisonment with credit for time served. The State subsequently filed a multiple bill, alleging that Oliver was a fourth felony offender under Louisiana Revised Statute 15:529.1(A)(2)(c)(i). Following a hearing on October 3, 2001, the trial court found Oliver to be a fourth felony offender. On October 10, 2001, the trial judge vacated the previous sentence and re-sentenced Oliver as a fourth felony offender to twenty (20) years imprisonment at hard labor without benefit of probation or suspension of sentence.

Her conviction and sentence were affirmed on appeal in 2003 and again in 2010 by the Louisiana Fifth Circuit Court of Appeal. The Louisiana Supreme Court denied her related writ applications seeking review of those intermediate court decisions.[2] Following her direct appeal, on or about April 11, 2011, Oliver filed an application for post-conviction relief in the state district court.[3] On June 28, 2011, the state district court denied relief.[4] On September 1,

---

[2] *State v. Oliver*, 2003-0416 (La. App. 5th Cir. 9/30/03), 857 So.2d 1227, *writ denied* 04-2139 (La. 5/20/05); and *State v. Oliver*, 03-416, 09-710, 09-711 (La. App. 5th Cir. 12/29/09), 30 So.3d 946, *writ denied* 45 So.3d 1041 (La. 9/17/10). In the interim, Oliver filed a multitude of state-court collateral challenges to her conviction and multiple offender adjudication. This is evidenced by the fact that a listing of these pleadings encompasses eight pages of the State's original response. Rec. Doc. No. 19, pp. 2-9. An exhaustive history of these filings is not pertinent for resolution of the issue presented and will not be set forth herein.

[3] State Rec., Vol. 4 of 11, Uniform Application for Post-Conviction Relief signed and dated April 11, 2011.

[4] Rec. Doc. No. 22 (attached as Exhibit p. 1); Vol. 11 of 11, copy of District Court Order of June 28, 2011 denying post-conviction relief.

2011, the Louisiana Fifth Circuit Court of Appeal denied relief on procedural grounds.[5] On July 27, 2012, the Louisiana Supreme Court denied relief without stated reasons.[6]

Oliver then timely filed the instant federal application for *habeas corpus* relief.[7] Through her appointed counsel she contends, among other things, that her enhanced sentence was erroneously based on an invalid predicate conviction.[8] For the reasons that follow the Court finds that Oliver was not in fact eligible for the sentence she received.

### *DISCUSSION*

Oliver was convicted of theft of a $179.00 juicer and sentenced to twenty (20) years imprisonment as a fourth-time felony offender.[9] The habitual offender sentence was imposed based on three alleged prior felony convictions, two for felony theft and one for cruelty to a juvenile. Upon imposition of the habitual offender sentence, defense counsel noted an objection to the sentence, which was overruled. The trial court also denied a motion for reconsideration of the sentence based on excessiveness. Though no mention was made during

---

[5] *Id.*, *State v. Oliver*, 11-KH-771 (La. App. 5th Cir. 9/1/11).

[6] *State ex rel. Oliver v. State*, 2011-KH-2514 (La. 7/27/12), 93 So.3d 586.

[7] Rec. Doc. No. 3.

[8] Oliver has also asserted claims regarding failure to retroactively apply Louisiana Revised Statute 14:67.10, improper use of the same predicate conviction twice for purposes of sentence enhancement; improper use of evidence at trial, ineffective assistance of counsel, and imposition of an excessive sentence. *See* Rec. Doc. Nos. 3, 22, 25, 27, 51. While the Court has fully considered these claims as well, having found that the issue addressed herein warrants relief, the Court will pretermit discussion of the remaining claims.

[9] After Oliver was sentenced, Louisiana's theft statute was amended. La. R.S. 14:67.10. At the time of sentencing, the theft for which Oliver was convicted constituted a felony. Pursuant to a 2006 amendment, the same theft crime was reduced to a misdemeanor. *State v. Oliver*, 30 So.3d 946, 952-53 (La. App. 5th Cir. 12/29/09).

the habitual offender proceedings, Oliver's prior conviction for cruelty to a juvenile was still pending on direct appeal before the Louisiana Supreme Court at the time of her current theft offense.

The pleadings and other documents of public record in that predicate case reveal that Oliver's writ application to the Louisiana Supreme Court was not filed timely in accordance with state procedural requirements.[10] The timing of that appeal with regard to the finality of her predicate conviction under the habitual offender law has been a subject of contention in this case. However, the record also unquestionably demonstrates that her belated filing was attributable solely to her appointed counsel's failure to advise her timely and properly with regard to her appellate rights. Oliver argues that but for that error, she would not have been legally eligible for the enhanced fourth-offender felony sentence at issue.[11] *Strickland v. Washington*, 466 U.S. 688, 697 (1984) (establishing a two-part test for evaluating claims of ineffective assistance of counsel, requiring petitioner to prove both deficient performance and resulting prejudice).

---

[10] The Court takes judicial notice of all relevant documents associated with Oliver's Louisiana Supreme Court record of that prior conviction, 2000-KO-1252 (In Re: Oliver, Rhonda K - Defendant; Applying for writ of certiorari and/or review, Parish of Orleans, Criminal District Court Div. G, Nos. 373-779; to the Court of Appeal Fourth Circuit, No. 99-KA-0425). See Fed. R. Evid. 201; Rec. Doc. No. 40.

[11] Although the State's response contemplates the unexhausted nature of the ineffective assistance of counsel claim associated with Oliver's predicate conviction and its procedural default, it does not challenge the claim as preclusively barred in this Court. Rather, the State correctly observes that an exception to the procedural default doctrine would appear to apply in this case. *See e.g., Spence v. Superintendent, Great Meadow Corr. Facility*, 219 F.3d 162, 171 (2nd Cir. 2000). Because the State has not expressly raised an objection based on procedural default and the Court believes that the "miscarriage of justice" exception would apply under the circumstances, the Court declines to reach the issue.

The unchallenged and somewhat lengthy sequence of events underlying Oliver's argument is set forth in a time-line in her most recent supplemental brief and will not be repeated here.[12] Suffice it to say the chronology supports Oliver's argument that appointed counsel's actions (or inactions) in that predicate felony case effectively prevented her from pursuing her direct appeal rights—and in particular, her ability to file a timely writ application for certiorari with the Louisiana Supreme Court. Only after her direct appeal delays had expired did Oliver receive notice by appointed counsel advising of the intermediate court's decision and of counsel's apparent determination that there were no issues warranting pursuit of a writ of certiorari to the Louisiana Supreme Court. Having unilaterally decided not to file a writ application on her behalf, counsel's late notice to Oliver of that decision deprived her of any opportunity to do so herself. When Oliver did file her writ application, albeit beyond the legal delays, the Deputy Clerk of the Louisiana Supreme Court actually investigated the delay with the Louisiana Appellate Project's Executive Director, who candidly explained appointed counsel's role in that delay. The Louisiana Supreme Court ultimately accepted Oliver's filing and denied the writ without explanation, but not until after Oliver had been charged in connection with the February 8, 2001 theft of the juicer.

It is the apparent finality date of the predicate conviction for cruelty to a juvenile—due to the alleged untimely writ application, according to the State—that resulted in its subsequent use for enhancement purposes and ultimately in Oliver's current sentence as a *fourth* felony offender rather than a *third* felony offender (which significantly increased her sentencing range). However, the record in this case convincingly establishes that use of the underlying

---

[12] Rec. Doc. No. 51, pp. 3-5.

predicate conviction for cruelty to a juvenile to enhance Oliver's sentence was constitutionally infirm based on the ineffective assistance of appellate counsel that prevented Oliver from seeking full and timely appellate review. *See United States v. Rivas*, 450 F. Appx. 420, 424 (5th Cir. 2011).

In the last reasoned state-court ruling on the issue by the Louisiana Fifth Circuit Court of Appeal, the court of appeal accepted the State's finality argument and denied Oliver's motion to correct an illegal sentence, finding that absent an affirmative showing that she filed a *timely* appeal to the Louisiana Supreme Court [challenging the cruelty to a juvenile conviction], that Court's appellate review would not preclude the use of the case as a predicate offense for the purpose of adjudicating her a fourth felony offender. However, the evidence overwhelmingly shows that Oliver's ability to timely seek a writ of certiorari was foreclosed by appointed counsel's objectively unreasonable actions or omissions that directly contributed in this case to a severe term of imprisonment as a fourth felony offender rather than as a third felony offender.[13] Thus, essentially, the state court's reasoning regarding the finality of Oliver's predicate conviction and her untimely appeal in that case only serves to emphasize the magnitude of the constitutional error that occurred in her underlying conviction and to highlight that the predicate conviction was improperly used to enhance her habitual offender sentence. Under these circumstances, the Court concludes that Oliver's sentencing enhancement based on the use of an invalid predicate conviction was improper. *See Dennis v. Poppel*, 222 F.3d 1245, 1258 (10th Cir.2000) ("[C]hallenges to [the state trial court's sentencing] decision are not generally constitutionally cognizable, unless it is shown the

---

[13] Rec. Doc. No. 51, p. 11.

sentence imposed is outside the statutory limits or unauthorized by law.").

## RECOMMENDATION

For the foregoing reasons, it is **RECOMMENDED** that Rhonda Oliver's petition for issuance of a writ of *habeas corpus* under 28 U.S.C. §2254 be **GRANTED**, and that the Court vacate the habitual offender adjudication and sentence and remand the case to the state district court for resentencing without the improper enhancement.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir.1996)(*en banc*)(citing 28 U.S.C. §636(b)(1)).[14]

New Orleans, Louisiana, this 18th day of March, 2015.

MICHAEL B. NORTH
UNITED STATES MAGISTRATE JUDGE

---

[14]*Douglass* referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend the period to fourteen days.